THE STATE OF IOWA v. JAMES H. EASTON, Appellant.

**Fraudulent Banking**: NATIONAL BANKS: *Statute construed.* Code, section 1885, making it a felony for any officer, director, manager, member, or persons connected with a bank, firm, etc., do-
2 ing a banking business to receive deposits with knowledge that the bank firm, etc., is insolvent, applies to officers of National Banks, though the chapter in which such section is found is a chapter prescribing how state and savings banks shall be managed.

**SAME**: *Conflict of laws.* Such act is not void in so far as it applies to national bank officers, on the ground that it is an attempt to
3 control and regulate the receipt of deposits by national banks, and in conflict with the law of the United States authorizing national banks to receive deposits.

**Indictments**: SETTING ASIDE: *Failure to swear witness.* The failure of a grand jury to swear a witness as required by Code, sec-
4 5254, 5255, 5260, is not sufficient to authorize the setting aside of an indictment, since it is not included in the grounds therefor specfied in section 5319, which are exclusive of other grounds.

**CONSTRUCTION OF INDICTMENT.** Under Code; section 5287, requiring
1 words in an indictment to be construed in their usual accepta-

tion an allegation in an indictment charging the president of a bank receiving deposits with knowledge of its insolvency, which states that he was president of the bank known as First National Bank of D. is a sufficient allegation that it is an incorporated bank.

*Duplicity.* An indictment charging a bank president with accepting deposits with knowledge that the bank was insolvent and charging that he connived at and encouraged such deposits, is not defective as charging two offenses, since the separate offense of conniving at and encouraging such deposits requires the actual acceptance of the deposits by other persons.

EVIDENCE: *Admissibility of books of bank.* Books of a bank, kept under the supervision of its president, are admissible in a proceeding against him for accepting a deposit with knowledge of the insolvency of the bank, both to show its insolvency, and the president's knowledge thereof, though they may not be admissible as books of account.

*Insolvency of bank.* Evidence of the value of notes owned by a bank is admissible for the purpose of showing its insolvency, in a prosecution against its president for accepting a deposit with knowledge of its insolvency.

Cumulative Instructions: *Requests.* The failure to give a requested instruction is not error, when the portion thereof which embodies correct rules of law is given in another instruction.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

FRIDAY, APRIL 12, 1901.

THE defendant was charged by indictment with having, on the twenty-first day of August, 1896, while engaged in the banking business as president of the First National Bank of Decorah, at Decorah, Iowa, "unlawfully, willfully, knowingly, and feloniously permitted, connived at, encouraged, accepted, and received on and for deposit in said bank * * * a certain deposit, in lawful paper money, * * * of and in the sum of one hundred dollars, from one John French, * * *. and of the value of $100; the said bank being then and there insolvent, and the said

James H. Easton, the defendant aforesaid, then and there well knowing that said bank was insolvent." The fendant's motion to set aside the indictment and his demurrer to the indictment being overruled, he plead not guilty; and, upon trial had, a verdict of guilty was returned, and judgment of imprisonment for five years and for costs rendered on the verdict. From this judgment the defendant appeals.—*Affirmed.*

J. B. *Powers, Dan Shea, Clements & Clements,* and *H. T. & C. W. Reed* for appellant.

*Milton Remley,* Attorney General, *H. P. Hancock,* County Attorney, *E. P. Johnson,* and *James H. Trewin* for the State.

GIVEN, C. J.—I.  On and for a long time prior to August 26, 1896, the defendant was the president and general manager of the First National Bank of Decorah—a bank duly authorized to transact business at Decorah as a national bank, under the laws of congress.  On said twenty-sixth day of August, 1896, the defendant received from John French on deposit in said bank $100 in money, for which he executed to Mr. French a certificate of deposit payable six months after date, with interest at 4 per cent. "No interest after maturity."  The bank was then open and transacting business in the usual manner and continued to do so until about November 10, 1896, when it was found to be insolvent and was put into the hands of a receiver.  While the questions of the insolvency of the bank, and of defendant's knowledge on that subject at the time this deposit was received, are in issue, the jury was fully warranted in finding that the bank was then insolvent, and that the defendant knew that fact when he received the deposit.  The extent of the liabilities of the bank, the character of its assets, including a large liability against the defendant, and defendant's ac-

tive control and management of the bank, leave no room for debate on these issues.

II.    Appellant's counsel present two propositions, as follows: "First.    Does the statute of Iowa prohibiting banks or their officers or, agents from accepting and receiving deposits when such banks are insolvent apply to national banks organized and doing busines under and in pursuance of the laws of the United States? Second.    If sections 1884 and 1885 of the Code be held to apply to national as well as state and private banks or bankers, then are they valid in so far as they apply to national banks organized and conducting business under the laws of congress?"    Section 1884, chapter 12, title 9, of the Code provides that "no bank, banking house, exchange broker, deposit office, firm, company, or corporation doing a banking * * * or deposit business shall, when insolvent, accept or receive on deposit * * * any money, bank bills, United States treasury notes, or currency," etc.    Section 1885 provides as follows: "If any such bank, banking house, exchange broker, deposit office, firm, company, corporation or person shall receive or accept on deposit any such deposits, as aforesaid, when insolvent, any ower, officer, director, cashier, manager, member or person knowing of such insolvency, who shall knowingly receive or accept, be accessory, or permit, or connive at receiving or accepting on deposit therein, or thereby, any such deposits, or renew any certificate of deposit, as aforesaid, shall be guilty of a felony," etc.    Chapter 10 of said title 9 provides for the organization of savings banks, chapter 11 for the organization of state banks; and chapter 12, in addition to said section 1884 and 1885, provides how such banks shall be managed and controlled.    Appellant insists that said sections 1884 and 1885 only apply to the banks provided for in said title 9.    The language of said section includes many other  than  savings and state banks, and the construction contended for would exempt all  these  others  from  the  prohibitions  and  penal-

ties of said sections, which would leave the public unprotected as against such frauds by brokers, private bankers, and others than savings and state banks that conduct a deposit business. These sections were originally enacted as chapter 153 of the Laws of Eighteenth General Assembly, and re-enacted in the Code, with slight changes, as a part of said chapter 12. They might more properly have been placed in the criminal statutes, but the fact of their re-enactment as part of chapter 12 does not warrant the restriction claimed. We are in no doubt but that the legislative intent is that said sections shall apply to all persons, corporations, and associations receiving deposits of money. See *State v. Fields,* 98 Iowa, 748.

III.    Appellant contends in support of his second proposition that said sections 1884 and 1885 of the Code of Iowa are invalid as to national banks, in other words, they do not apply to national banks. The argument is that under the laws of congress such banks are authorized to receive deposits, and that, "where an act is authorized to be done by a law of the United States, such act is thereby withdrawn from the operation of the criminal laws of the state, unless otherwise expressly provided by congress, and that the performance of such act in pursuance of, and as authorized by, such law of the United States cannot be punished as an offense against any law of the state." This statement of the law is in substantial accord with the authorities, and the inquiry is whether the defendant was authorized by the laws of congress to do the act of which he has been convicted. This inquiry, we think, is directly answered in *State v. Fields, supra.* We understand appellant's counsel to concede that the case is against their contention, but they insist that it is against the weight of authorities—especially certain cases decided since that opinion was rendered, namely, *State v. Thomas,* 173 U. S. 276 (19 Sup. Ct. Rep. 453, 43 L. Ed. 699), and *In re Waite* (D. C.) (81 Fed. Rep. 359). We do not find that this precise question has ever been

passed upon by the supreme court of the United States—the only tribunal that may render a final determination of it. In the absence of such a decision, we follow the law announced in *State v. Fields*, without reviewing the authorities and reasons upon which it is based.

IV.   One ground of defendant's motion to set aside the indictment was that Thomas Rice was examined before the grand jury without being sworn as required by law. Mr. Rice was foreman of the grand jury. He was sworn by one of the jurors, and testified only that the defendant had been president of the bank for many years. There had been no dispute as to this fact at any time, and we fail to see wherein the defendant was prejudiced by reason of Mr. Rice's not being sworn as provided in sections 5254, 5255, and 5260 of the Code. This is not a ground for setting aside an indictment. Code, section 5319. The grounds prescribed in that section are exclusive of others. *State v. Baughman,* 111 Iowa, 71. Another ground of said motion is that certain exhibits before the grand jury as evidence were not returned with the indictment, as required by section 5280 of the Code. The exhibits referred to are said certificate of deposit and a receipt given by defendant to one Grow. French and Grow testified concerning these documents, but it does not appear that either document was before the grand jury. There was no error in overruling the motion on either of these grounds.

V.   A ground of demurrer to the indictment was, that it is indefinite and uncertain, and does not charge any offense with the required certainty. It is argued that the indictment fails to show whether the bank was an corporatoin, partnership, or name under which an individual was doing business. The indictment charges that defendant was president of the bank known as the First National Bank of Decorah. "Construed in their usual acceptation in common language," these words of the indictment show that his was an incorporated national bank. Code, sec-

tion 5287. As we construe said sections 1884 and 1885, the defendant's guilt does not depend upon the character of the organization of the bank. Another ground of the demurrer was that the indictment charges two offenses, namely, the permitting, conniving at, and encouraging the receipt and acceptance of the deposit, and also receiving the same. To receive or accept a deposit, knowing the bank to be insolvent, is an offense; and to be accessory or permit or connive at receiving or accepting a deposit by another, knowing the bank to be insolvent, is also an offense. The indictment charges a receiving by the defendant, and what is said as to his permitting, conniving at, and encouraging the deposit is not that it was given to another but to himself. The indictment does not charge two offenses, for that it does not charge that defendant permitted, connived at, or encouraged the giving of the deposit to another. There was no error in overruling the demurrer on these grounds.

VI. The court admitted in evidence, over defendant's objection, books of the bank, as bearing upon the question of insolvency, and the defendant's knowledge thereof. Defendant insists that these were not books of account or of original entries, and therefore not admissible. They were not admitted as books of account, and were not offered as such. They were books kept under the supervision of the defendant to show the condition of the bank, and the entries therein were accessible to and known by him, therefore they were admissible not only to show the condition of the bank, but also defendant's knowledge as to its condition. The authorities cited as to the rule applicable to books of account are not in point. It is also contended that the court erred in admitting the evidence of the receiver and others as to the value of certain notes held by the bank. The condition of the bank depends upon the value of its assets, and there was no better way of proving the value of these notes. We find no error in the admission of evidence.

VII. Appellant's remaining contention is that the court erred in refusing certain of the instructions asked, and in giving the sixteenth paragraph of the charge. In so far as those asked were correct, they were fully covered by those given. Said sixteenth instruction relates to a claim held by the bank, and was really favorable to the defendant. We do not find any error in the giving or refusing instructions. It follows from the conclusions we have reached that the judgment of the district court must be AFFIRMED.