STATE OF IOWA v. DAY DUNNING, Appellant.

**Fraudulent banking:** INSOLVENCY: KNOWLEDGE OF DEFENDANT: IN-STRUCTION. On a charge of fraudulent banking by receiving a deposit knowing the insolvency of the bank, the state must prove insolvency and the defendant's knowledge thereof; and an *instruction which would permit conviction if the defendant as a reasonable and prudent man should have known of the bank's insolvency, is erroneous.*

*Appeal from Ringgold District Court.*— HON. H. K. EVANS,
Judge.

TUESDAY, JUNE 5, 1906.

THE defendant was convicted of fraudulent banking,
and appeals.— *Reversed* and *remanded.*

*Fuller & Fuller, R. H. Spence, T. L. Maxell,* and *J. P.
Flick,* for appellant.

*Charles W. Mullan,* Attorney General, and *Lawrence
De Graff,* Assistant Attorney General, for the State.

SHERWIN, J.— Section 1884 of the Code prohibits the
receipt of deposits by an insolvent bank and others engaged
in like business, and section 1885 fixes the penalty for a
violation of the preceding section.   So far as it is material
to our present inquiry section 1885 is as follows:  " If any
such bank, banking house, exchange broker, deposit office,
firm, company, corporation or person shall receive or ac-
cept on deposit any such deposit, as aforesaid, when
insolvent, any owner, officer, director, cashier, manager, mem-
ber or person knowing of such insolvency who shall know-
ingly receive or accept, be accessory, or permit, or connive
at receiving or accepting on deposit therein, or thereby, any
such deposits," etc., shall be guilty of felony, etc.

After calling the jury's attention to the sections of the
statute referred to, the court instructed as follows:  " The
material points to be considered by you and necessary to be
proven by the state beyond a reasonable doubt are;   (1)
That the defendant was engaged in the business of banking
and receiving deposits in the name of the Citizens' Bank
at Mt. Ayr, Ringgold county, Iowa;  (2) that while so en-
gaged in the banking or deposit business the defendant, on
January 14, 1904, knowingly received or accepted for de-
posit for the Citizens' Bank a check, the property of J. H.

Seevers Lumber Company, of the value of $106.75; (3)
that at the time of receiving or accepting said check as a
deposit for the Citizens' Bank the said Citizens' Bank and
the defendant, Day Dunning, were both insolvent; and (4)
that the said defendant, Day Dunning, then knew of said in-
solvency.    You are instructed that if the state has failed
to prove, beyond a reasonable doubt, any one of the foregoing
material points, then you should acquit the defendant; but,
if you find from the evidence that each and every one of
said material points are proven beyond a reasonable doubt,
then it would be your duty to find the defendant guilty."
It is conceded that this instruction correctly states the es-
sential elements of the crime of fraudulent banking as it is
defined by the statute, but the appellant contends that the
last paragraph of instruction No. 6 is in conflict therewith,
that it is erroneous and was prejudicial, and on this ground
alone he asks a reversal.    Because of its importance, we
give the instruction in full, as follows:

No. 6. The defendant has offered evidence for the pur-
pose of showing that the defendant and the said Citizens'
Bank were in truth and fact solvent on January 14, 1904.
You are instructed that if you find said defendant and the
Citizens' Bank were on said date in fact solvent as defined
in these instructions, then it is your duty to acquit the de-
fendant.
Evidence has also been introduced on the part of the
defendant for the purpose of showing that even if said de-
fendant and the Citizens' Bank were in fact insolvent, yet
that the defendant did not know or believe that he and the
bank were insolvent at the time charged in the indictment,
and has offered evidence as to the value of the assets of the
defendants and the Citizens' Bank and of the financial con-
dition and responsibility of certain persons largely indebted
to the defendant and Citizens' Bank, for the purpose of show-
ing the solvency of the defendant and the Citizens' Bank
and also that the defendant had a right to believe and did be-
lieve that he and the Citizens' Bank were solvent January
14, 1904.

You are instructed to consider all the evidence offered by the state and the defendant on this issue, and if you find from the evidence that the Citizens' Bank and the defendant, Day Dunning, were in truth and in fact solvent as defined in these instructions, or if you find from the evidence that the defendant from all the facts and circumstances as shown in the evidence as a reasonable and prudent man had a right to believe and did believe that he and the Citizens' Bank were solvent, as defined in these instructions, on January 14, 1904, then you should acquit him.

The precise point is that the instruction authorized a conviction if the jury should find that the defendant as a reasonable and prudent man ought to have known that he and his bank were insolvent when the particular deposit in question was received. In other words, that it permittted a conviction if it were found that the defendant had been negligent in the conduct of his business as a banker. Notwithstanding the positive declarations of the other instruction that the deposit must have been received when the bank and the defendant were in fact insolvent, and that it must be shown that the defendant then knew of said insolvency, we are constrained to hold that there was prejudicial error in instructing: "Or if you find from the evidence that the defendant from all the facts and circumstances as shown in the evidence as a reasonable and prudent man had a right to believe and did believe that he and the Citizens' Bank were solvent, . . . then you should acquit him." To convict under this statute, the state must prove insolvency and the defendant's actual knowledge thereof. No presumptions against the defendant are to be indulged. Unlike the statutes of some of the states the fact of insolvency raises no presumption that the defendant knew thereof when the deposit was received, nor is his want of care material. Thus in Illinois it is provided that the receipt of deposits when the banker or bank is insolvent "whereby the deposit so made shall be lost to the depositor" is a criminal act; and it is further provided "that the failure, suspension, or in-

voluntary liquidation of the banker, . . . bank, etc., within thirty days from and after the time of receiving such deposit, shall be *prima facie* evidence of intent to defraud." See *Meadowcraft et al. v. People,* 163 Ill. 56 (45 N. E. 303, 35 L. R. A. 176, 54 Am. St. Rep. 447), where it is held that the provision as to *prima facie* evidence of guilty intent is held to be constitutional. In Missouri knowledge of insolvency is essential, and it is further provided " that the failure of any bank shall be *prima facie* evidence of knowledge." Notwithstanding the latter provision of the Missouri statute, it is the rule there that actual knowledge must be shown and that mere negligence, however great, creates no criminal or civil liability." *State v. Darrah,* 152 Mo. 522 (54 S. W. 226); *Utley v. Hill,* 155 Mo. 232 (55 S. W. 1091, 49 L. R. A. 323, 78 Am. St. Rep. 569). Under a Kansas act similar to our own it is held that the knowledge of insolvency must be actual; that mere negligence is not enough. *State v. Tomblin,* 57 Kan. Sup. 841 (48 Pac. 144).

Indeed, the state seems to concede that such should be the rule under our own statute, and bases its contention for an affirmance on the ground that the language complained of was not prejudicial to the defendant or in conflict with the other quoted instruction. It will be noticed, however, that the sixth instruction called specific attention to the two defenses interposed: First, that the defendant and the bank were in fact solvent when the deposit was received; and, second, that even if they were then insolvent in fact the defendant did not know of such insolvency. These were both defenses under the statute, and it was proper for the court to instruct thereon, and to tell the jury to consider the evidence offered for and against said defenses, and further that if it found that the defendant and the bank were in truth and in fact solvent when the deposit was received there could be no conviction. But when the question of the defendant's knowledge was specifically considered it was said in effect

that if it was found that he had acted as a reasonable and prudent man in the conduct of his business as a banker, and based on his so acting he had a right to believe and did believe that he and the bank were solvent he must be acquitted. We think the jury may well have understood from this instruction that if the defendant had failed to act as a reasonable and prudent man he must be charged with knowledge of the bank's insolvency. In other words, the instruction implies guilt if through his negligence the defendant did not know the actual condition of the bank, and it is erroneous.

If the jury might have taken this view of the case, the error was clearly prejudicial to the defendant, and our duty in the matter is plain.

*Reversed* and *remanded.*