JAMES W. STEWART v. STATE OF MISSISSIPPI.

[49 South. 615.]

1. CRIMINAL LAW AND PROCEDURE. *Penal statutes. Construction.*

Penal statutes must be strictly construed, and the courts can not extend them to cases without their terms.

2. SAME. *Code* 1906, § 1169. *Bank employes. Receiving deposits. Insolvency. Knowledge.*

Under Code 1906, § 1169, making it a crime for an employe of a bank, knowing or having good reason to believe it to be insolvent, to receive a deposit without informing the depositor of its condition, a defendant cannot be convicted unless he actually knew, or had good reason to believe, the bank insolvent; and proof that the bank was insolvent and that defendant was negligent in being uninformed of its condition is insufficient to support a conviction.

FROM the circuit court of Jackson county.

HON. WILLIAM H. HARDY, Judge.

Stewart, appellant, was indicted, tried and convicted for receiving as an officer of a bank a deposit into the bank, knowing or having good reason to believe the bank insolvent, without in-

forming the depositor of its condition; a crime under Code 1906, § 1169. He was sentenced to the penitentiary for a term of five years, and appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*A. J. McLaurin; Mayes & Longstreet; Denny & Denny; H. B. Everett; S. A. Witherspoon* and *Monroe McClurg,* for appellant.

The sixth instruction for the state is vicious. The statute is, if appellant received the deposit, *knowing or having good reason to believe the bank insolvent,* he will be guilty. The instruction told the jury that they might believe he did not know nor have good reason to believe the bank insolvent, and "yet" he was guilty. Notice this instruction: It was incumbent on the state to prove, beyond a reasonable doubt, that defendant knew—for the first and second counts—or had good reason to believe—for the third count—that the bank was insolvent; yet this sixth instruction tells the jury that if the state had not done so, but even if the defendant has assumed the burden of proving a negative, and has proved that the defendant did not know nor have any good reason to believe the bank to be insolvent, he is still guilty.

Why? How can he be guilty if he does not come within the statute? The circuit judge says if he did not "use reasonable diligence in making proper investigation and inquiry," etc. Did the statute say he was guilty of a penitentiary crime if he didn't make proper investigation and inquiry—whatever that is? No. Then here are some high authorities which say he is not guilty: *Merrill v. Melchior,* 30 Miss. 516; *Foote v. Van Zant,* 34 Miss. 40; *State v. Bardwell,* 72 Miss. 538; *State v. Richardson,* 86 Miss. 439; Bishop on Stat. Crimes (2d ed.) §§ 194, 220.

In construing a penal statute the act denounced must come not only within the spirit of the statute, but it must come within the letter of the law. We understand this to be the rule of con-

struction in all jurisdictions; it certainly is the rule in this state. In *Foote v. Van Zant,* 34 Miss. at page 41, the court says, "The statute must be construed strictly, and cannot embrace cases not coming within the letter of the law." *Foote v. Van Zant,* 34 Miss. 40.

In *Merrill v. Melchior,* 30 Miss. 516, this is in the syllabus, which is sustained by the text, to wit: "Penal statutes cannot be extended by construction, so as to bring within their provisions, cases not embraced in their plain letter." The court in that case referred for authority to Dwarris on Stat. 736. The true law is now as it was then.

True principles of law are never changed by time. Circumstances may change, so that there will be no conditions to which to apply them; but the principles live on, as immutable as the sun and as constant as time.

The case of *State v. Richardson,* 86 Miss. 439, is based on this principle. At page 441 the court says in that case, the statute "must be strictly construed." On the same page the court says: "The language of the statute will not be extended by construction," etc. On the same page the court, speaking of including what was not in the letter of the statute, says: "If, as a matter of policy, this ought to be done, it is for the legislature, and not for the courts, to make the necessary amendment to the statute."

In the case of the *State v. Bardwell,* 72 Miss. at page 538, the court, this court, says, "The crime consists in receiving deposits while the establishment is insolvent, and such condition is known to the officer, or such facts are known as to give him good reason to believe the condition of actual insolvency to exist."

In the second edition of Bishop on Statutory Crimes, § 220, this is found, to wit: "As stated by Hawkins, the doctrine is: 'No parallel case, which comes within the same mischief, shall be construed to be within the purview of it (the statute), unless it can be brought within the meaning of the words.' In slightly different language, though a case of this sort is fully within the

mischief to be remedied, and is even of the same class and within the same reason as other cases enumerated in the statute, construction will not be permitted to bring it within the statute unless it is also within the statutory words." "Such statutes are to reach no further in meaning than their words; no person is to be made subject to them by implication, and all doubts concerning their interpretation are to preponderate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter." Bishop on Statutory Crimes (2d ed.) § 94.

We could mulitply references, but it is not necessary. Any other rule of interpretation would be destructive of free government. The citizen's liberty depends upon a rule that will not punish him unless he violate the spirit and letter of the statute. We have it established then, by abundant authority, including decisions of this court, that Stewart was not guilty unless he knew at the time he received the money "for" deposit that the "establishment he was conducting" was insolvent, or knew such facts as gave him good reason to believe it was insolvent. *State v. Bardwell,* 72 Miss. at page 538.

Note, this section 1089, Code 1892, condemned guilt of moral turpitude; removing or secreting or concealing assets or effects for the purpose of defrauding; or knowing or having good reason to believe the establishment to be insolvent to receive on deposit by the "officer"—so denominated by this court in *Bardwell case,* page 538—"conducting" the "establishment." The man who knows the establishment to be insolvent, or knows facts that give him good reason to believe it insolvent, and receives on deposit, without warning the depositor, is guilty of moral turpitude, but was not guilty of any crime against the state until this statute. So of removing, secreting, and etc., to defraud. But the man who did not know of the insolvency, nor knew facts which gave him good reason to believe the bank insolvent, while guilty of laches, was not guilty of moral turpitude. The law does not punish moral turpitude, except where the act comes strictly

within the spirit and letter of the statute. The statute says reason—"good reason"—to believe. "The cause of a belief may not be exactly a reason for it." 3 Enc. Brit., 535. The "officer" must have this good reason to believe—it is not sufficient to charge him that he has the means of acquiring the knowledge of the facts that give good reason to believe. *State v. Bardwell,* 72 Miss. 535. The statute punishes the act of moral turpitude, not negligence, or laches.

*Geo. Butler,* assistant attorney-general, and *May & Sanders,* for appellee.

The only thing that renders the sixth instruction at all questionable is the phrase "or have good reason to believe "contained in the third and fifth lines thereof. Of course, if the first clause of the instruction is considered alone it makes the appellant guilty even if he did not know or have good reason to believe that the bank was insolvent. But in considering this instruction we must consider it as a whole and in connection with all the other instructions in the case, and in doing so it is clear that the instruction means, and was only intended to mean, that even though the defendant might not know or believe that the bank was insolvent, yet if his failure to know or believe the bank insolvent was due to his failure to use reasonable diligence in making proper investigation and inquiry, and that there were circumstances known to him which if followed up would have afforded him such information as would cause him to know or belief that the bank was insolvent, then he cannot be heard to say that he did not know or have good reason to believe the bank insolvent. Thus in the eighth instruction for the defendant, as modified by the court, the jury was instructed that if all the evidence taken together did not prove beyond a reasonable doubt that the bank was insolvent at the time of the alleged deposit and that the defendant knew or could have known by examination and inquiry it was insolvent, then the jury should find him not guilty on the first and second counts in the indictment; and fur-

ther if it had not been proven beyond a reasonable doubt that the defendant, at the time of the receipt of the deposit, had knowledge of facts or could have such knowledge by careful examination of the affairs of the bank, which facts would have constituted good reason that the bank was insolvent, then the jury ought to find the defendant not guilty on the third count, and these same ideas are embraced in the thirteenth and fifteenth instructions as modified by the court. In other words, the phrase "good reason to believe" simply means that if the defendant knew of facts and circumstances, which if followed up, would give him good reason to believe that the bank was insolvent, or that if by the exercise of proper diligence and inquiry he might have known of such facts and circumstances, then he cannot be heard to say that he did not have good reason to believe the bank was insolvent. And this is the idea that is embraced in the sixth instruction for the State and in all other instructions as modified by the court in this case and are in exact accord with the principles of law announced in the *Rourke case,* which was affirmed by this court. This phrase must mean something, and if it does not mean this we are unable to ascertain any reason why it should have been embraced in the statute; and then, too, this case is overwhelming on the facts and any technical or strained construction on the instructions ought not to work a reversal in this case.

Argued orally by *Edward Mayes,* for appellant, and by *Geo. Butler,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

The appellant was convicted in the court below upon an indictment charging that as cashier of a certain bank he received a deposit, knowing, or having good reason to believe, that said bank was insolvent, without informing the depositor thereof. The sixth instruction given the jury at the request of the state is as follows: "The court instructs the jury, for the state, that

even though they may believe the defendant, at the time he may have received the deposit, did not know or have good reason to believe that the Scranton State Bank was then and there insolvent, yet if they believe that his failure to know 'or have good reason to believe' that the said bank was insolvent was due to his failure to use reasonable diligence in making proper investigation and inquiry to ascertain the insolvent condition of said bank, and that there were circumstances known to him which, if investigated, would have afforded him good reason to believe the bank to be insolvent, then if they believe that he received the deposit as charged, and that the bank was insolvent on the 24th day of July, 1906, it is the duty of the jury to find the defendant guilty as charged." The giving of this instruction is assigned as error.

Section 1169 of the Code of 1906, under which this indictment was found, is as follows: "If the president, manager, cashier, teller, assistant, clerk, or other employee or agent of any bank or broker's office or establishment conducting the business of receiving on deposit the money or other valuable things of such persons, shall remove or secrete or conceal the assets or effects of such establishment for the purpose of defrauding any of the creditors of the establishment, or shall receive any deposit knowing, or having good reason to believe, the establishment to be insolvent, without informing the depositor of such condition, on conviction, he shall be imprisoned in the penitentiary not longer than five years." Under this statute certain facts must exist before a crime can be committed by receipt of the deposit and the failure to inform the depositor of the insolvency of the bank. Among these facts are the knowledge of such insolvency on the part of the person receiving the deposit, or his having good reason to believe the bank insolvent. These facts, or one of them, must be established by the evidence, and believed to exist by the jury, before such person can be convicted of a crime under the statute. Even though the bank is insolvent, such person could not commit a crime under the statute, unless

he in fact knew of such insolvency, or in fact had good reason to believe the bank insolvent. Under this instruction the jury were told that they might convict the defendant, although they might believe from the evidence that these facts did not exist. It is not the law that, if the nonexistence of these facts—that is, knowledge or good reason to believe—was due to negligence on the part of the person charged with receiving the deposit, such person may still be convicted of the crime defined by the statute. Where a statute makes the existence of certain facts, as in the case at bar the statute has made the existence of the fact of knowledge or good reason to believe, essential to the commission of a crime, then such crime cannot be committed unless such facts exist, even though it should appear that such facts would have been brought into existence, had the person charged with the crime done or not done certain things. Penal statutes must be strictly construed, and the courts can neither add to nor take from them. *State v. Dunning,* 130 Iowa, 678, 107 N. W. 927, and authorities therein cited.

It is argued on behalf of the state that this instruction was approved in the case of *Rourke v. State,* decided some time since by this court, in which there was no opinion. In this counsel are in error. In that case there was no such instruction given on behalf of the state. In his motion for a new trial, defendant complained of the modification by the court of certain of his instructions; but in the instructions given for the defendant, as modified by the court, the jury were not told, except by inference, that they might convict under the circumstances set out in the instruction complained of in the case at bar.

We consider no other assignment of error. For the error committed in giving the sixth instruction, *the judgment of the court below is reversed, and the cause remanded.*