# NEWARK NATURAL GAS & FUEL COMPANY *v.* CITY OF NEWARK, OHIO.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 232. Argued December 4, 1916.—Decided January 8, 1917.

A city ordinance fixing the maximum rate chargeable by a gas company will not be adjudged confiscatory if at the time of the judicial inquiry the net profits derivable under the ordinance will give a fair return upon the then value of the company's property.

Plaintiff, a gas distributing company, whose rates were fixed by an ordinance, purchased its gas under a contract, which measured the vendor's compensation by a percentage of plaintiff's gross receipts. The contract antedated the ordinance and had several years to run when suit was commenced. Plaintiff contended that under the ordinance rate the contract was no longer profitable to its vendor. *Held,* that the effect of the ordinance upon the constitutional rights of the vendor was immaterial to plaintiff's case.

The contract expired before the evidence was closed. *Held,* that, for the purposes of this case, plaintiff not having shown what it paid afterwards, the contract might be assumed to measure plaintiff's probable expense for gas during the life of the ordinance.

92 Ohio St. 393, affirmed.

THE case is stated in the opinion.

*Mr. James R. Fitzgibbon*, with whom *Mr. Eugene Mackey*, *Mr. S. M. Douglass* and *Mr. Charles Montgomery* were on the brief, for plaintiff in error.

*Mr. Frank A. Bolton*, with whom *Mr. Edward Kibler* and *Mr. Ralph Norpell* were on the briefs, for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The question upon which our jurisdiction is here invoked is whether an ordinance of the City of Newark, Ohio, passed March 6, 1911, fixing the maximum price that plaintiff in error might charge to consumers of natural gas in that city for a period of five years at 20 cents per thousand cubic feet, with 10% discount for prompt payment, a rate described as "18 cents net," is confiscatory, and therefore in violation of the "due process" clause of the Fourteenth Amendment. Plaintiff in error operates under a franchise granted by a city ordinance passed February 21, 1898, for a term of twenty-five years, which permitted a rate of 25 cents per thousand for a period of ten years from its passage, but within that period the company voluntarily introduced a net rate of 18 cents and maintained it for some years prior to the adoption of the ordinance of 1911. The company refused to accept the provisions of the latter ordinance and notified its customers that it would discontinue service unless the rate of 25 cents was paid. Thereupon the city filed a petition in the Court of Common Pleas of Licking County praying a mandatory injunction. The company answered that the ordinance provided no just compensation for the use of its property and therefore deprived it of its constitutional rights. Voluminous evidence was taken upon

this issue, and the court found the defense to be unfounded in fact, and made a decree in favor of the city, but without prejudice to the right of the company to apply for a modification " if at any time it should appear that said rate of 18¢ net does not render an adequate return to said defendant Company." An appeal was taken to the Court of Appeals and there heard upon the evidence taken in the Court of Common Pleas and additional evidence, and the same decree was entered as in the Court of Common Pleas. The Supreme Court of Ohio affirmed the decree. 92 Ohio St. 393.

The opinions of the state courts show that they gave careful consideration to the questions of the value of the property of plaintiff in error at the time of the inquiry, the total amount of net profits that could be earned under the rate fixed, and whether this would be sufficient to provide a fair return on the value of the property. The concurring judgments were based upon principles thoroughly established by repeated decisions of this court, *Covington &c. Turnpike Co.* v. *Sandford,* 164 U. S. 578, 597, 598; *San Diego Land Company* v. *National City,* 174 U. S. 739, 754; *Knoxville* v. *Knoxville Water Co.,* 212 U. S. 1; *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, 48; *Des Moines Gas Co.* v. *Des Moines,* 238 U. S. 153, 163; and the finding that there was no confiscation is amply supported by the evidence. The reservation of the right to apply thereafter for a modification was in accord with the action of this court in the *Knoxville* and *Willcox Cases,* 212 U. S. p. 19, p. 55.

A distinction is sought to be based upon the fact that two companies are necessarily affected by the rate, a producing and a distributing company; it being contended that the state courts have ignored the cost of production. It appears that after the granting of the franchise of 1898 plaintiff in error, which theretofore had been both a producer and a distributor of gas, sold all of its property to

the stockholders of the Logan Natural Gas & Fuel Company, and thereafter confined its activities to distribution, the Logan Company being in control of production and transportation; and that in 1904 the Logan Company entered into a contract with plaintiff in error to furnish. the gas needed to supply the city for a term of years, on the basis of a percentage of the aggregate readings of the consumers' meters, in the proportion of 70% of the gross receipts for the Logan Company and 30% for plaintiff in error. At the time the suit was commenced the contract had two or three years to run, while the limiting ordinance was to continue for five years. There is no contention that plaintiff in error could not operate profitably under the ordinance of 1911 so long as the contract remained in force; but it is said that because of changed conditions including the partial exhaustion of the gas producing field the contract was no longer profitable to the Logan Company under the rate permitted by the ordinance of 1911, the cost of production and transportation of natural gas alone being at that time, as is asserted, as much as the entire amount of the net rate of 18 cents allowed by the ordinance. But plaintiff in error cannot be heard here to assert the constitutional rights of the Logan Company (*Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 544), and the pertinent question is what plaintiff in error would probably have to pay for gas during the life of the ordinance. The contract measured this so long as it continued in effect. And, although it expired some time before the closing of the evidence in the Court of Appeals, as the Supreme Court pointed out, no evidence was offered to show the rate paid by the Newark Company to the Logan Company after its expiration. The ordinance specified a period of five years, but by the decree this was made subject to the provision giving a right to plaintiff in error to apply for relief if it should appear that the 18 cent rate did not render an adequate return.

Plaintiff in error has failed to show that the ordinance has the effect of depriving it of property without due process of law within the meaning of the Fourteenth Amendment, and the judgment under review is

*Affirmed.*