STATE OF IOWA, Appellee, v. C. C. CARTER, Appellant.

BANKS AND BANKING: Fraudulent Banking—Insolvency. Principle recognized that a banker is insolvent, within the meaning of the act relating to the receipt of deposits, when he is unable to pay in the ordinary course of banking, even though his assets may be such that, in time, all his debts may be paid therefrom.

*Appeal from Marion District Court.—J. H. APPLEGATE,*
*Judge.*

OCTOBER 25, 1917.

REHEARING DENIED FEBRUARY 9, 1918.

THE defendant was indicted for fraudulent banking.
There was a verdict of guilty and judgment thereon, and
the defendant appeals.—*Affirmed.*

*A. L. Steele,* for appellant.

*H. M. Havner, H. H. Carter,* and *N. D. Shinn,* for ap-
pellee.

EVANS, J.—The defendant was the owner of the pri-
vate bank known as the Farmers Security Bank, doing
business at Percy, Marion County, Iowa. The bank was in
direct charge of a cashier. The defendant lived upon a farm
in the near vicinity. The bank had been in operation about
five years. The defendant was a large borrower therefrom.
On the 24th day of September, 1914, he made an assignment
for the benefit of his creditors. On the afternoon of the
same day, the said bank, through its cashier, accepted a
deposit of $750 from one Cowman. The indictment is based
upon this particular transaction.

The one point urged upon appeal is that the evidence
is insufficient to warrant a finding by the jury that the de-
fendant knew of the insolvency of the bank at the time of
such deposit. It appears that the financial status of the
bank, as it appeared upon its books, was that there were
assets of about $17,000 and liabilities of $18,000. The
assets included a $5,000 note of the defendant himself; also
about $2,000 of other worthless paper; also padded items
of valuation of other property, particularly the bank build-
ing and fixtures. Particular stress is laid by appellant upon

the claim that he was the owner of a farm of 420 acres, encumbered for $19,000. Witnesses testified in his behalf that the farm was worth from $95 to $125 per acre. Witnesses on behalf of the State testified that the farm was worth not more than from $55 to $65 per acre. Defendant's claim of innocence rests wholly upon the alleged margin of value, or equity, in this farm. Strictly speaking, the defendant had no farm. He did have an option to purchase this farm for the price of $19,000. It does not appear that he ever exercised the option, or that he ever realized on it in any way. It was largely rough, untillable land, in Monroe County. Its value was largely speculative, in that borings therein indicated a vein of coal, of more or less value. Indisputably, the defendant and his bank were not able to pay, in the ordinary course of business. Even if it had been possible to realize out of this land, in time, sufficient to pay all of the debts, it would not have relieved the defendant from the charge of present insolvency. It would be a circumstance in his favor, as bearing upon the question of his belief or knowledge of his insolvency, and nothing more. *State v. Cadwell,* 79 Iowa 432; *Toovey v. Ayrhart,* 136 Iowa 694.

We do not find in this case even the mitigation that there was subsequently realized out of the property sufficient to pay the debts, or a substantial part thereof. On the contrary, practically nothing had been realized at the time of the trial. Proof of the defendant's consciousness or actual knowledge of his insolvency is almost necessarily circumstantial. We think the circumstances appearing in this record are quite abundant, and very persuasive, to sustain the finding of the jury. We think, therefore, that the motion for a new trial on that ground was properly overruled. The judgment below must be—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.