Note.—Reported in 204 N. W. 169. See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 195, 36 Cyc. 1122; (2) Schools and school districts, Key-No. 97(4), 35 Cyc. 990; (3) Constitutional law, Key-No. 91, 35 Cyc. 990.

---

## Ex Parte HOESE et al.

### (204 N. W. 174.)

(File No. 5946.   Opinion filed June 3, 1925.)

1. **Evidence — Judicial Notice — Legislature — Court Cannot Take Judicial Notice of Contents of Bill as Introduced.**

    The court cannot take judicial notice of contents of legislative bill as introduced, nor that the amendment adopted was any particular one.

2. **Banks and Banking—Criminal Law—Loan to Corporation in Excess of 20 per cent, not a Public Offense Under Amendment to Statute.**

    Officers of bank, having made loan in excess of 20 per cent to a corporation, held not to have committed a public offense, under Rev. Code 1919, Sec. 8980, in view of clear intention of amendment by Laws 1923, c. 114, Sec. 1, in omitting word "corporation" in conjunction with words "partnership or individual" to exclude corporations from prohibition of act, not-

22—Vol. 48, S. D.

withstanding Rev. Code 1919, Sec. 9027, still prescribes the punishment for violation of such loans to corporation.

Application by William Hoese and another for writ of habeas corpus against George Boardman, sheriff of Minnehaha County. Petitioners discharged from custody.

*Danforth & Barron* and *J. G. Bradford,* all of Sioux Falls, for Petitioners.

*J. D. Coon* and *Caldwell & Caldwell,* all of Sioux Falls, for Respondent.

GATES, J. Petitioners were held to answer upon a criminal charge of having, as officers of a state bank, made an excessive loan to a corporation in violation of section 8980, Rev. Code 1919, as amended by chapter 114, Laws 1923. The basis of this habeas corpus proceeding is that the complaint does not charge the commission of a public offense. The solution of the question depends wholly upon an interpretation of the statute.

[1, 2] As it appeared in the Code, said section 8980 read (italics ours) :

"No individual, firm or corporation transacting a banking business in this state shall loan to any *corporation,* partnership or individual, including all loans made to the several members of such *corporation or partnership,* more than twenty per cent of the paid up capital and surplus of such bank. And in no case shall the total liabilities of the several stockholders of any bank, including any and all liabilities of any partnership or corporation in which *such stockholders* may be interested, to such bank, exceed fifty per cent of the paid up capital of such bank. But the discount of bills of exchange drawn in good faith against actually existing values, and the discount of commercial paper actually owned by the person negotiating the same, shall not be considered as money borrowed by such person."

Chapter 114, Laws 1923, amended that section in three particulars: (a) The word "corporation" in line 2 as printed in the Code was omitted; (b) the words "corporation or partnership" in line 4 as printed in the Code were made to read "partnership or corporation"; and (c) the words "such stockholders" in line 7 as printed in the Code were changed to "an active officer." The italics above show where the changes occur.

It is the contention of petitioners that when the act of 1923 took effect the limitation upon the amount that a bank might loan to a corporation was removed, and that the statute is a civil administrative statute, and not a penal statute.

The state contends that, notwithstanding the language of the act of 1923, the 20 per cent limitation upon the amount that a bank may loan to a corporation still exists, and that section 9027, Rev. Code. prescribes the punishment for its violation. The first contention on the part of the state is thus stated:

"It is obvious, we think, that the Legislature has made a mistake in its use of language. In this 1923 amendment, the statute forbids making an excess loan 'to any partnership or individual,' and then says that there shall be included in determining the amount of such loan or loans made to the several members not of 'such partnership' but of 'such partnership or corporation.' The use of the word 'such' before 'partnership or corporation' clearly implies that the words 'partnership or corporation' have been used earlier in the sentence. And the word 'such' here necessarily indicates that the word 'corporation' has been inadvertently omitted."

The state also argues that because the original bill as introduced in the 1923 Legislature omitted the word "corporation" in both the first and second italicized places above shown, and that because the House Journal shows that by recommendation of the committee on banking the words "or corporation" were inserted in line 6 of the bill after the word "partnership," we should conclude that there was a legislative intent to preserve the inhibition against excessive loans to corporations. The difficulty of considering the history of a bill and its meanderings through the Legislature was pointed out in Krakowski v. Waskey, 33 S. D. 335, 145 N. W. 566. We cannot take judicial notice of the contents of the bill as introduced, nor can we say that the amendment adopted was the one secondly italicized.

The act as passed shows a clear intent in the first part of it to exclude loans to corporations from the limitation, because in section 8980 corporations, partnerships, and individuals were included within the limitation, while under the amendment the word "corporation" was omitted. To be sure, the amendment says that in determining the amount that may be loaned to a partnership or

individual the amount of loans made to the several members of "such partnership or corporation" shall be included. We think, however, that the fair import of that clause is that it was intended (though imperfectly stated) as a definition of the amount that may be loaned to a partnership or individual rather than a declaration of legislative intent that loans to corporations shall be kept within the specified 20 per cent limit.

In 25 R. C. L., p. 1065, we find the following:

"So the omission of a word in the amendment or re-enactment of a statute will be assumed to have been intentional. Where it is apparent that substantive portions of a statute have been omitted and repealed by the process of revision and re-enactment, courts have no express or implied authority to supply the omissions that the material and substantive and not merely clerical and inconsequential, for that would in effect be the enactment of substantive law. The statute in such a case should be effectuated as the language actually contained in the later enactment warrants; and words that were a part of the omitted substantive provisions but are useless as re-enacted may be disregarded as being mere surplusage; and appropriate effect should be given to the connected and complete terms and provisions as they appear in the re-enacted statute."

If the act of 1923 had been the original act on the subject, there would have been much more force in the contention made on the part of the state, but in considering the original section and the act of 1923 together we think any banker in this state would be justified in believing that after the latter act took effect he was permitted to make loans to corporations in excess of the 20 per cent limitation. Such would be the view that a person of ordinary understanding would reach upon comparing the two acts. In 25 R. C. L. 1084, the following rule is set forth:

"And, where there is any well-founded doubt as to any act being a public offense, it should not be declared such, but should rather be construed in favor of the liberty of the citizen."

Under the circumstances and in view of this rule, we do not think petitioners can be said to have committed a public offense. This view renders unnecessary the consideration of whether the act in question is penal or merely administrative.

The petitioners will be discharged from custody.

Note.—Reported in 204 N. W. 174.  See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 33, 23 C. J. Sec. 1947 (1926 Anno); Banks and banking, Key-No. 61, 7 C. J. Sec. 202.