## FRANCIS v. STATE.

(Division A.  May 13, 1929.)

[122 So. 373.  No. 27885.]

*Blair & Anderson,* of Tupelo, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

The appellant, Francis, was convicted in the circuit court of Lee county of the crime of receiving stolen property, and sentenced to pay a fine and serve a term in jail, from which he appeals here.

It is unnecessary to state the facts here, and we will content ourselves with saying that there was evidence on behalf of the state sufficient to sustain the conviction, and the guilt or innocence of the appellant was purely and strictly a question for the jury, with which we cannot interfere.

The only question which is argued seriously, as we view the brief, is the giving of the following instruction

by the court on behalf of the state: "The court charges the jury for state that if you believe from the evidence in this cause beyond a reasonable doubt that the defendant knew or had good reason to believe at the time that he bought the chickens, that they had been stolen at the time and place in the manner and form as charged in the affidavit, you should find defendant guilty as charged." The language complained of is that the defendant "knew or *had good reason to believe* at the time he bought the chickens that they had been stolen," etc. The substance of the language criticized in this instruction is to be found in the case of *Frank* v. *State*, 67 Miss. 125, 6 So. 842, in which case Judge CAMPBELL said:

"It is true as held in *Sartorious* v. *State*, 24 Miss. 602, that it is not sufficient to convict the prisoner of receiving goods knowing them to be stolen, to show that he stole them; but where circumstances warrant the conclusion that they were stolen by another, and they are traced to the possession of the defendant, under circumstances sufficient to make him believe they were stolen, this is sufficient to uphold a conviction. By *knowing them to be stolen* is not meant that the defendant should personally have witnessed the theft. If the transaction is such as to convince him, or as should do so, that the things were stolen, and he received them, he has knowledge to make him guilty.

"The evidence justifies the verdict of the jury. We find no error in the instructions. The assumption in one of them that the goods were stolen by another than Frank, in view of the evidence which made this indisputable, is not ground of complaint."

Instruction No. 1 in the *Frank case, supra,* contains the same language as is contained in the instruction complained of here. It is true that section 1259, Code of 1906 (section 1038, Hemingway's 1927 Code), uses the language "knowing the same to have been so taken," but it would be a rare case, indeed, in which the party

charged with receiving stolen property would be present at the actual theft. The word ''knowing'' only means, in the sense used in this statute, that, if a person has information from the facts and circumstances which should convince him that the property had been stolen or which would lead a reasonable man to believe that the property had been stolen, then in the legal sense he knew it.

As analogous we, in construing section 939, Hemingway's 1927 Code (section 1169, Code of 1906), with reference to an official receiving deposits *knowing the bank to be insolvent,* held in *Stewart* v. *State,* 95 Miss. 627, 49 So. 615, that it was sufficient if the official actually knew the bank was insolvent, *or had good reason so to believe.*

*Affirmed.*