We address today the elements of the crime of false pretenses and are called upon to assess the sufficiency of an indictment charging Rodney Allen, Travis Lott, and Billy Wayne Crosby with the commission of such a crime. We conclude, as did the trial judge below, that the indictment fails to charge facts which constitute a crime under the laws of our state. Accordingly, we affirm the lower court's order sustaining a motion to quash the indictment on this ground.
 I.
Allen (a branch manager of Aetna Finance Company), Lott (a regional manager of Aetna Finance Company), and Crosby were indicted in 1984 for the crime of false pretenses in connection with an alleged arrangement whereby the three men acted together to obtain a loan from Aetna for the benefit of Crosby. Although the facts are somewhat sketchy, the gist of the complaint is that the three men planned and obtained the $40,773.00 loan with the intent not to repay. Specifically put, the indictment charges that the three *Page 1025 
 did obtain said loan in the name of the said Billy Wayne Crosby and divided the proceeds of said loan among themselves, all the while feloniously and fraudulently intending to cheat and defraud said Aetna Finance by not repaying said loan, . . . (Emphasis supplied)
The indictment then describes the intent not to repay the loan as the "false pretense" underlying this charge.
Following indictment, all three defendants demurred and moved to quash the indictment on several grounds, primary of which was its failure to state a crime. The trial judge granted the motion and dismissed the indictment, an action prompting the State to take this appeal. We need not analyze each of the bases for the trial court's ruling for we find that the indictment fails to adequately charge the crime of false pretense, and its dismissal by the trial judge was eminently correct.
 II.
That the actions attributed to these defendants may offend our sense of right and honest dealings is of no moment. For conduct to subject one to the state imposed sanctions of fine or imprisonment, that conduct must prior to the fact have been declared unlawful by the positive law of this state. Stewart v.State, 95 Miss. 627, 49 So. 615 (1909). It is no answer to say that these defendants may have committed an offense indictable as at common law, see M.C.A. § 99-1-3 (1972); State Ex Rel.Maples v. Quinn, 217 Miss. 567, 64 So.2d 711, 712 (1953), though we are shown nothing bringing the present indictment within any common-law crime of false pretense. Our legislature has entered the field and prescribed the elements of the criminal offense of false pretense, displacing any common-law notions of such a crime.
Under M.C.A. § 97-19-39 (1972) and the cases interpreting this section, the crime of false pretenses occurs when one makes a false representation of a past or existing fact, with the intent to deceive and with the result that the accused obtains something of value from the party deceived. Young v. State, 209 So.2d 189
(Miss. 1968). Our law requires that, before the factual representation becomes criminal, it must relate to present or past fact, thus excluding a representation such as that here made, i.e., a promise to repay money in the future. See Walleyv. State, 458 So.2d 734 (Miss. 1984), Miller v. State,413 So.2d 1041 (Miss. 1982), Button v. State, 207 Miss. 582, 42 So.2d 733 (1949). As the present indictment charges no factual representation regarding present or past fact, it charges no crime.
Nothing said here is inconsistent with Rule 2.05, Mississippi Criminal Rules of Circuit Court Practice, and our many recent cases construing that rule. See, e.g., McCullum v. State,487 So.2d 1335, 1337-38 (Miss. 1986); Winston v. State,479 So.2d 1093, 1094-95 (Miss. 1985); Hines v. State, 472 So.2d 386, 390 (Miss. 1985). Rule 2.05 regulates the level of specificity the grand jury must meet in its presentation of an indictment. Today's appeal is resolved on the prior question whether a crime has been charged at all. Having answered that question in the negative, we never reach the Rule 2.05 inquiry — the matter of the adequaacy or specificity of the charge.
Under the statutory definition of false pretenses, we vindicate the trial judge's dismissal of this indictment for failure to charge a crime under the laws of our state. Accordingly, the judgment below is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
GRIFFIN, J., not participating. *Page 1026