## The J. F. Sieberling Company v. Dujardin.

1. **Pleading: MOTION FOR MORE SPECIFIC STATEMENT.** A motion for more specific statement will not lie for any indefiniteness in the prayer or demand for judgment, but only when the facts on which the pleading is founded are stated in such a manner that the other party cannot respond intelligibly thereto.

2. ———: **RULE APPLIED.** Where a promissory note for $130 provided for attorney's fees, and the petition asked judgment for $160, a motion for more specific statement was interposed directing the plaintiff to state "whether any part is for attorney's fees;" *held*, that the motion should have been overruled.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, JUNE 10.

ACTION ON PROMISSORY NOTE. Judgment for defendant. Plaintiffs appeal. The facts appear in the opinion.

*W. S. Strawn*, for appellant.

*J. C. Cooper*, for appellee.

MILLER, CH. J.—This action was brought on a promissory note which is in words and figures as follows: "$130.00. Red Oak Junct., July 1st, 1870. Fifteen months after date I promise to pay The J. F. Sieberling Co., or order, one hundred and thirty dollars, value received, with interest at 10 per centum, and ——— attorney's fees for collection, if action is commenced hereon, payable at V. D. Stoddard's Bank, Red Oak Junction, Iowa. (Signed) NOAH DUJARDIN."

The petition alleges that "no part of said note has been paid," and demands "judgment thereon against the defendant for one hundred and sixty dollars, and interest as specified in the note, and costs."

The defendant filed a motion "to require the plaintiff to state and specify upon what he demands judgment as prayed for in his petition—whether any part is for attorney's fees, and if so, what part and how much." This motion was sustained by the court, to which ruling plaintiffs excepted,

and standing on their petition, the court dismissed plaintiffs' action.

The provision of the statute under which the court may order a party to make his pleading more specific is § 2948 of the Revision (Code, § 2720), and is as follows:

PLEADING: motion for more specific statement. "When the facts on which any pleading is founded are stated in a manner so general, or so indefinite, or so uncertain that the precise nature of the cause of action, or defense, or set off, or counter-claim, or cross demand is not so apparent as to enable the adverse party to respond intelligibly thereto, the court may, on motion, require the pleading to be made more specific, definite and certain by amendment. * * * Such motion shall point out wherein the amendment is required or shall be disregarded, and if the reason for such demand of more specific statement exists outside of the pleadings, the motion must state the same and be sworn to." It is when the "*facts on which the pleading is founded*" are stated in a manner so general, etc., that a motion for a more specific statement will lie. It does not lie for any indefiniteness in the prayer or demand for judgment. In the case before us the facts upon which the pleading is founded are definite and certain. The pleading alleges the making of a promissory note by defendant to the plaintiffs, setting out a copy thereof, and alleging that no part has been paid.

These allegations constitute a complete cause of action on the note to the extent of the amount due thereon without the aid of extrinsic evidence. The facts constituting the plaintiffs' cause of action on the note are definitely and certainly stated. The cause of action is the amount due upon the face of the note according to its terms, which is $130.00, with ten per centum interest from date up to the time of rendering judgment, which is made certain by a simple computation of the interest. There are *no* facts alleged in the petition upon which to base a claim for attorney's fees, and no such claim is made in the demand for judgment. The motion for a more specific statement should have been overruled.

REVERSED.