### KERR v. STEMAN.

1. **Pleading**: FRAUD: WHAT NECESSARY. Whoever sets up a fraud as a cause of action must do more than allege fraud in general and abstract terms; he must set out the specific facts in which the fraud consists.

*Appeal from Muscatine Circuit Court.*

TUESDAY, JUNE 28.

ACTION to recover damages alleged to have been sustained by reason of the fraudulent representations of the defendant, by which the plaintiff, Eliza A. Kerr, was induced to sell and convey certain real estate. The defendant moved that the plaintiff be required to make a more specific statement of the facts constituting the fraud. The court sustained the motion. The plaintiff elected to stand upon her petition. Judgment was rendered against her for costs, and she appeals.

*H. J. Lauder* and *P. M. Detwiler*, for appellant.

*Brannan, Jayne & Hoffman*, for appellee.

ADAMS, CH. J.—The petition shows clearly enough that the plaintiff was at one time the owner of certain real estate, consisting of a town lot and an undivided third of a tract of forty acres; that she employed the defendant to make an exchange of the same for other property; that he reported that he had negotiated an exchange, stating the terms, and she executed the required conveyances. The petition further

states that the defendant made a false report, with intent to cheat and defraud her; but wherein the same was false does not appear. She should have set out in what the falsity consisted, in order that the defendant might know what he should come prepared to disprove. The doctrine is elementary that whoever sets up a fraud must do more than allege fraud in general and abstract terms. He must set out the specific facts in which the fraud consists. The petition in this case seems to us to be clearly insufficient, and we think that the court did not err in sustaining the defendant's motion for a more specific statement.

AFFIRMED.