GRACE HOON, Appellant, v. RUSH HOON, Appellee.

126    391
136    699

126    391
139    57
139    161

**Statute of frauds:** EXPRESS TRUST. An express trust arising from placing the title to real property in a son for the benefit of the father can only be established by documentary evidence.

**Advancements:** TRUSTS: PLEADINGS. As between parent and child a conveyance of real property is presumed to be an advancement; but this presumption may be overcome by clear and satisfactory proof showing a trust; but to admit proof of a trust the facts relied upon must be pleaded.

Fraud: PLEADINGS. Fraud cannot be pleaded in general terms, but the facts relied upon must be stated.

*Appeal from Cedar District Court.*— HON. W. G. THOMPSON, Judge.

SATURDAY, JANUARY 14, 1905.

ACTION in equity to declare a trust in favor of plaintiff in certain real estate. Demurrer to. petition sustained, and plaintiff appeals.— *Affirmed.*

*Wright, Leech & Wright,* for appellant.

*France & Rowell,* for appellee.

WEAVER, J.— The petitioner states that her father, Silas Hoon, died, leaving a will, by which his property and estate were to be divided equally between herself and her brother, the defendant. She further states that at the time of his death the said testator had no property or estate except a certain lot in Tipton of the value of $1,000. This property, she says, was purchased with the proceeds of other property formerly owned by her father, and that in taking the conveyance thereof the deed was made to the defendant, Rush Hoon. It is further averred that the deed, though absolute in form, was in fact held by defendant in trust for the benefit of her said father, and was so recognized in his lifetime. By a separate paragraph of the petition it is further alleged that the " deed is a fraud, and was procured fraudulently, without the knowledge of Silas Hoon, who supposed up to the time of his death that the record title was. in himself."

The ruling of the trial court is sustainable on several grounds.

I. Taking the petition as a whole, it seems to predicate plaintiff's action upon an express trust, pursuant to which

Rush Hoon took and held the title to the lot in controversy
for the use and benefit of his father. The trust,
if one ever existed, is not shown by the deed to
the alleged trustee, nor by any other instrument
in writing, and, in the absence of such documentary evidence,
an express trust cannot be established. Code, section 2918.

**1. STATUTE OF FRAUDS: express trust.**

II. There is no allegation of facts which would create
a resulting trust in favor of Silas Hoon. It may be admitted
that the "money of Silas Hoon paid for the property," but
that fact does not of itself indicate the existence
of such a trust; and this is especially true when
we note that the grantee named in·the deed is
the child of the Silas Hoon whose money is alleged to have
paid for the lot. As between parent and child, such a con-
veyance is presumed to be a gift or advancement. *McClin-
tock v. Loisseau,* 31 W. Va. 865 (2 L. R. A. 816), and cases
cited in note thereto; *Andrews v. Oxley,* 38 Iowa, 578; *Mc-
Ginnis v. Edgell,* 39 Iowa, 419.

**2. ADVANCEMENTS: trusts; pleadings.**

This presumption is not conclusive, *Cotton v. Wood,* 25
Iowa, 43, and may be overcome by clear and satisfactory
proof; but to permit the introduction of such proof the party
asserting the trust must plead something more than the fact
that the parent's money paid for the land while the deed
was made to the child. In other words, he must allege the
facts on which he relies to overcome the presumption to which
the matters just stated give rise.

III. Neither is there any allegation of fraud from
which the law will raise a constructive trust. The statement
that the deed was "fraudulently executed, and in fraud of
the said Silas Hoon," and that the "deed is a
fraud, and was procured fraudulently," con-
tains no allegation of issuable fact. It is not sufficient to
plead fraud in general terms, and, if the pleading does not
state the specific acts or facts relied upon as constituting
fraud, a demurrer thereto will be sustained. *Mills v. Col-
lins,* 67 Iowa, 164; Encyclopædia Pleading and Practice,

**3. FRAUD: pleadings.**

volume 9, 697. In this respect the plaintiff's petition is plainly deficient.

The question of the effect of the statute of limitations is also discussed by counsel, but the conclusion we have reached upon other questions raised by the appeal makes it unnecessary for us to consider it.

The demurrer was correctly sustained, and the judgment appealed from is *affirmed*.