William F. Cowell, Appellant, v. The City Water Sup-
ply 'Co., et al.

**Refusal to enter default.**  The court's refusal to enter a default
1  because of failure to plead in time will not be disturbed on
    appeal, unless it is shown that there was an abuse of the
    court's discretion in the matter.

**Fraud:** pleading.  In pleading fraud the material facts relied
2  upon as constituting the fraud must be alleged.

**Corporations:** reorganization agreements.  Where an agreement
3  for the reorganization of a corporation was submitted to its
    bondholders, containing a provision that it should be binding
    upon all such holders unless a majority thereof should dissent
    within a specified time, and it appeared that such dissent was
    not made, it became binding upon the bondholders.

**Same:** assessments.  Where the plan for reorganizing a cor-
4  poration provided for a stated assessment upon the outstand-
    ing bonds for payment of expenses, bondholders could not
    object to an additional assessment, required to preserve its
    property and protect its franchise.

**Reorganization:** domicile.  Where the agreement for reorganiza-
5  tion of a corporation provided that the new organization

should be made in such state as a duly constituted committee might select, its organization under the laws of a foreign state was valid, even though the law of such state may have been different from that of this state.

**Enlargement of corporate power:** OBJECTION THERETO. Where the agreement for reorganization of a corporation provided that the bondholders of the old should become bondholders of the new corporation they could not complain of the enlargement of the powers of the new concern.

**Pooling the stock:** OBJECTION. A bond holder cannot object to the pooling of corporate stock, where the same was a part of the plan of reorganization for the purpose of re-establishing it, to which he assented.

*Appeal from Wapello District Court.*— HON. C. W. VER-MILLION, Judge.

WEDNESDAY, FEBRUARY, 7, 1906.*

SUIT in equity to recover on a bond. A demurrer to the petition was sustained and the plaintiff appeals.— *Affirmed.*

*Blake & Wilson,* for appellant.

*McNett & McNett,* for appellees.

SHERWIN, J.— In the abstract and arguments the case is entitled " William F. Cowell and C. H. Venner Company "; but as the C. H. Venner Company is not properly a plaintiff in the case, and does, not appeal, we omit its name from the title.   The Iowa Water Company, a corporation of this state, issued in 1887 a series of bonds aggregating $400,000, with coupons for semiannual interest. These bonds and coupons were secured by a mortgage to the Farmer's Loan & Trust Company, trustee, on the property of the water company.   The company became financially embarrassed, and being unable to meet its interest payment of April 1, 1894, foreclosure was necessary.   The bonds were

*See date supplemental opinion [Editor].

held by many persons, the appellant owning one of them, and to protect their interests a number of the bondholders formulated a written plan or agreement to which the plaintiff became a party. A committee of four bondholders was appointed to carry out the plan. It provided for the transfer of the bonds and coupons to the committee, in trust for the purpose of carrying out the plan, and gave the committee power to take any action under the mortgage that the individual bondholders might have taken. In case a majority of the bonds were deposited with the committee, it had power to purchase the mortgaged property at the foreclosure sale and to apply the bonds and coupons deposited with them towards payment for the property. The agreement further provided that, if the property was purchased by the committee, it might convey the same to a new company "incorporated under the laws of such state as the committee may determine or may otherwise dispose of said property."

Sections 11, 12, and 14 of the plan we set out in full because of their special bearing on some of the propositions urged by the appellant to which we shall later give our attention. They are as follows:

(11) The committee shall, after the payment of the expense of foreclosure, and all expenses incurred by the committee, and its compensation, allot to the certificate holders their proportionate interests in the new company or their proportionate share in the proceeds of any sale by the committee.

(12) The committee shall, prior to the conveyance of any purchased property to a new company, submit to the certificate holders a detailed plan of re-organization which shall be binding upon all said holders, unless the holders of a majority in interest of the outstanding certificates shall, within thirty days, file with the trust company their written dissent from said plan.

(14) The committee may supply any defects or omissions in this plan which it shall deem necessary to be supplied to enable the committee to carry out the general purpose of the plan, and, with the consent of holders of a ma-

jority in interest of the outstanding certificates, may take any action other than is provided in this plan which the committee shall unanimously determine to be for the benefit ratably of all the certificate holders.

The certificates referred to therein are the certificates of deposit issued for the bonds deposited. The appellant deposited his bond in accordance with the plan, and took therefor one of these certificates, which recited that his bond was deposited under and in accordance with the plan or agreement and that he was entitled " to recover all the securities, benefits, and advantages coming to the depositors " under said agreement. Acting under this agreement, the committee took charge of the foreclosure proceedings in the federal court, where a decree of foreclosure was entered, under which the property was afterwards sold to the committee subject to some underlying bonds, which are not material to this controversy. The committee bought the property in July, 1897. In June preceding it issued a circular to the depositing bondholders setting forth its doings, the financial condition, and the proposed plan of reorganization, and to this the appellant made no objection. In September, 1897, the defendant, the City Water Supply Company, was organized under the laws of the state of Maine, and to this company the committee conveyed the property in question. This company thereafter issued its bonds and mortgaged the property for $475,000, and distributed some of the bonds so issued among the depositing bondholders heretofore referred to.

The appellant does not assail the validity of the original plan under which he deposited his bond with the committee, but he does attack practically all other steps taken by the

1. REFUSAL TO ENTER DEFAULT.

committee and the defendant corporation and its acts, and asks to recover the value of his bond. The facts which we have stated, and some others to which we shall hereinafter refer, all appear in the petition of the appellant and the exhibits attached thereto, and a

demurrer to the petition was sustained. Some of the defendants failed to plead to the petition within the time required by law, and the appellant contends that his motion for a default and judgment therein should have been sustained. No default was, in fact, entered at the time the demurrer was filed, and we think the court fully justified in refusing one. The matter is largely within the discretion of the trial court, and we will not disturb the ruling unless there has been a manifest abuse of such discretion. Code, section 3790; *Foley v. Brewing Co.,* 116 Iowa, 176.

The appellant has not briefed his case as required by the rules of this court, and we are compelled to go to his argument for the points he relies upon. He claims that the demurrer should have been overruled because the petition alleges that the bonds issued by the City Water Supply Company are a fraud upon his rights. No one will claim, however, that such an allegation is a sufficient plea of fraud, and a demurrer only admits facts which are well pleaded. *Bogaard v. Ind. District,* 93 Iowa, 269; *Freeman v. Hart,* 61 Iowa, 525.

2. FRAUD: pleading.

That the appellant is bound by the bondholders' agreement he admits, and the next inquiry is whether he is bound by the plan of reorganization submitted to the depositing bondholders, himself among the number, in the circular of June, 1897. Section 12 of the agreement provides for this submission of the plan, and says that it shall be binding upon all of said holders unless a majority thereof dissent thereto within thirty days. The petition shows that a majority did not dissent from the plan, and hence the appellant is bound thereby. *Gilfillan v. Union Canal Co.,* 109 U. S. 401 (3 Sup. Ct. 304, 27 L. Ed. 977); *Canada So. R. R. Co. v. Gebhard,* 109 U. S. 527 (3 Sup. Ct. 363, 27 L. Ed. 1020.)

3. CORPORATIONS: reorganization agreements.

There is nothing in the appellant's contention that notice therein provided was given before the sale of the property under foreclosure. The agreement provides only

that it shall be given before a conveyance by the committee, and such notice was concededly given and was sufficient. *McLain v. Calkins,* 77 Iowa, 468.

The agreement provided for an assessment of $20 per bond on account of legal and other expenses, while the committee found it necessary to make additional assessments

4. SAME: assessments. for the protection of the company's franchise and its other property, and these the appellant complains of. But they were fairly within the scope of the agreement and plan for reorganization. Furthermore, any reasonable expenditure necessary to preserve the property is implied from the very nature of the trust. *Farmers' Loan & Trust Company v. Galesburg,* 133 U. S. 156 (10 Sup. Ct. 316, 33 L. Ed. 573); *Parsons v. Winslow,* 16 Mass. 361; 28 Am. & Eng. Enc. Law (2d Ed.) 982, 983; *Booth v. Bradford,* 114 Iowa, 562.

The appellant also makes the point that " the committee conveyed the property to a new company organized under the laws of Maine " and his objection thereto are three-

5. REORGANIZA-TION: domicile. fold, viz., a defective organization, and an excessive incumbrance of the property, the pooling of the stock, and the violation of the laws of Iowa. Of these in their order. The agreement expressly provides for an organization of the new company in such state as the committee may determine, and the petition alleges that it was, in fact, organized under the laws of the state of Maine, It being organized under the laws of a state selected by the committee, its organization must be deemed legal, whether the law under which it was organized is the same as the laws of this state or not. And in the absence of proof to the contrary it will not be presumed that the new corporation was violating the law constituting its charter.

The articles of incorporation of the new company provided for the manufacture of machinery, etc., to be used in connection with water plants, and it is said that such power was not contemplated by the reorganization scheme or

agreement.    This may, for the purpose of argument, be con-

6. ENLARGEMENT OF CORPORATE POWER: objection thereto.   ceded, and still the appellant cannot complain. He is not a stockholder in the company, and whatever powers may have been assumed by or been granted to it along the line suggested can in no way affect the value of his bond or his liability.    If he complies with the terms of his contract with his fellow bond-holders, he will become a bondholder in the present company, not a stockholder, as we understand the record, and his bond will be secured by a mortgage that cannot be affected by an enlargement of corporate power.    And, if he can suffer no injury by reason thereof, he is in no situation to complain of the scope of the defendant articles of incorporation.    See on this point, also, *Dodge v. City of Council Bluffs,* 57 Iowa, 560; *Traer v. Lucas Co.,* 124 Iowa, 107; Canada So. R. R. Co. v. Gebhard, *supra.*

7. POOLING OF STOCK: objection.   As to pooling of stock, it is sufficient to say that the plan of reorganization to which the appellant consented by his silence gives the right of con-trol until such time as the property gets thoroughly upon its feet.

We have examined the authorities relied upon by the appellant, and find no holding in conflict with our con-clusion.    In closing, it may be well to say that we do not herein determine the rights, if any there are, which the ap-pellant may have in a different action.

We only here determined that he is not entitled to the relief asked in this action.

The judgment is *affirmed.*

## SUPPLEMENTAL OPINION ON REHEARING.

### Petition overruled.

#### WEDNESDAY, JUNE 13, 1906.

PER CURIAM.    The original opinion states that by the scheme of reorganization the plaintiff would not become a

stockholder in the new corporation and that he is, therefore, in no position to complain of the scope of its power. This was erroneous, for the plan of reorganization submitted to the bond or certificate holders provided for the issuance of preferred stock to cover the past due interest coupons which had been deposited with the committee. This provision was overlooked when the case was originally considered. The oversight, however, can make no difference in the disposition of the case. The agreement provided that if the committee should purchase the property it might convey the same to a new company incorporated under the laws of such state as it might determine. There is nothing in the agreement nor in the plan of reorganization submitted to the plaintiff which defines or in any way limits the powers which might be exercised by such corporation. In other words, the committee had almost unlimited discretion as to all matters not specifically provided for; nor is there anything in the record tending to show that the new corporation has done, or intends to do any corporate act which would have jeopardized the plaintiff's rights had he complied with his agreement, and we think he cannot complain of the scope of the corporation's power. *Cox v. Stokes,* 156 N. Y. 491 (51 N. E. 316); *Dodge v. City of Council Bluffs,* 57 Iowa, 560; *Traer v. Lucas Prospecting Co.,* 124 Iowa, 107.

The original opinion is adhered to, and the petition for a rehearing *overruled.*