F. A. TOOVEY v. A. J. AYRHART, Receiver of the Dedham Savings Bank, Appellant, The Iowa National Bank, Intervener.

Banks and banking: INSOLVENCY: CERTIFICATE OF DEPOSIT: VALIDITY.
1   The rule that a prohibited act or the doing of an act to which a penalty is attached is invalid, is applicable only where the transaction is prohibited as to both parties; so that the statu-

tory provisions prohibiting the acceptance of deposits or renewal of deposit certificates by any corporation or person doing a banking business, while insolvent, and prescribing a penalty for violation thereof, do not render invalid to the holder a renewal of a certificate taken with knowledge that technically the bank was insolvent.

Fraud: PLEADING. Fraud cannot be pleaded in general terms but 2 the facts relied upon must be stated; so that a pleading containing nothing more than an allegation that a transaction is fraudulent, when fraud is relied upon, fails to state a cause of action.

*Appeal from Carroll District Court.*— Hon. F. M. Powers, Judge.

MONDAY, DECEMBER 16, 1907.

IN a receivership proceeding instituted by plaintiff to wind up the affairs of the Dedham Savings Bank, A. J. Ayrhart was appointed receiver. Thereafter the intervener asked the allowance of its claim against the bank in the sum of $1,696.60, balance due on a certificate of deposit. The receiver contested the claim on the ground that the certificate had been issued by defendant bank when insolvent and received by intervener in violation of law, and asked by way of counterclaim to recover the proceeds of certain securities delivered to it by the cashier of the defendant bank after it became insolvent, but before the receiver was appointed. Demurrers to the receiver's answer and counterclaim were sustained, and on the refusal of the receiver to plead over, judgment was rendered allowing the intervener's claim and directing the receiver to pay dividends thereon. The receiver appeals.— *Affirmed.*

*W. C. Saul* and *Chas. C. Helmer,* for appellant.

*Lee & Robb,* for intervener.

McCLAIN, J.— From the allegations of the petition of intervener, and the answer and counterclaim thereto, which

must be taken as admitted in determining the correctness of the court's rulings in sustaining demurrers to the answer and counterclaim, it appears that on December 20, 1904, when the Dedham Savings Bank was insolvent, but before the institution of the proceedings for the appointment of a receiver thereof, the cashier of that bank issued to the intervener, in consideration of an alleged prior certificate of deposit for the same amount, a certificate for $5,000, and delivered to the intervener by way of collateral security certain notes held by the defendant bank, which have been collected by the intervener; the proceeds thereof being applied by way of indorsement of credit on such certificate. The contention for appellant is that this certificate was invalid because issued by the defendant bank while insolvent, in contravention of the provisions found in the Code as follows:

Sec. 1884. No bank, banking house, exchange broker, deposit office, firm, company, corporation, or person engaged in the banking, brokerage, exchange or deposit business, shall, when insolvent, accept or receive on deposit with or without interest, any money, bank bills or notes, United States treasury notes or currency, or other notes, bills, checks or drafts, or renew any certificate of deposit.

Sec. 1885. If any such bank, banking house, exchange broker, deposit office, firm, company, corporation or person shall receive or accept on deposit any such deposits, as aforesaid, when insolvent, any owner, officer, director, cashier, manager, member or person knowing of such insolvency, who shall knowingly receive or accept, be accessory, or permit, or connive at receiving or accepting on deposit therein, or thereby, any such deposits, or renew any certificate of deposit, as aforesaid, shall be guilty of a felony, and, upon conviction, shall be punished by fine not exceeding ten thousand dollars, or by imprisonment in the penitentiary for a term of not more than ten years, or by imprisonment in the county jail not more than one year, or by both fine and imprisonment.

If these sections are to be construed as rendering invalid a transaction between the insolvent bank and the depositor who has knowledge of the insolvency, then the position of the appellant is well taken. In general, a prohibited act, or an act to the doing of which a penalty is attached, is invalid and cannot be made the basis of an action. *Pike v. King,* 16 Iowa, 49; *Dillon v. Allen,* 46 Iowa, 299; *McIntosh v. Wilson,* 81 Iowa, 339; *Latham, etc., Co. v. Harrod,* 71 Kan. 565 (81 Pac. 214). But this general proposition is applicable only where the transaction itself is prohibited as to both of the parties thereto. If the intention is to prevent one person from doing an act which is prejudicial to another, the interest of the public not being involved, only the person doing the prohibited act is guilty of the violation of law, and the other may assert his rights arising under the transaction notwithstanding the prohibition. *Pangborn v. Westlake,* 36 Iowa, 546; *Watrous v. Blair,* 32 Iowa, 58; *Tootle v. Taylor,* 64 Iowa, 629. Thus an insurance policy issued in violation of a statutory prohibition may, nevertheless, be enforced against the company issuing it. *Pennypacker v. Capitol Ins. Co.,* 80 Iowa, 56. Indeed, a loan made by a bank in violation of a statutory prohibition is not invalid even as to the bank. *Benton County Sav. Bank v. Boddicker,* 105 Iowa, 548; *Mills County Nat. Bank v. Perry,* 72 Iowa, 15; *Gold Mining Co. v. National Bank,* 96 U. S. 640 (24 L. Ed. 648).

1. BANKS AND BANKING: insolvency: certificate of deposit: validity.

If the statute imposed a penalty on the person who makes a deposit in an insolvent bank, then, no doubt, his act would be unlawful in such sense that he could not recover the deposit. But an examination of the statutory provisions leads irresistibly to the conclusion that no penalty is declared as against the depositor, and that there was no intention on the part of the Legislature to make such an act unlawful as to him. The statute prohibits an acceptance of deposits and the renewal of certificates by any corpora-

tion or person engaged in the banking business while insolvent, and imposes on any such corporation or person accepting a deposit or renewing a certificate of deposit under such circumstances a severe punishment. It certainly could not have been the legislative intent to impose on the one who makes a deposit in a bank, with knowledge of its insolvency, the punishment of imprisonment in the penitentiary. Insolvency, as described by the statute, may exist, although the resources of the bank are such that ultimately no loss whatever shall fall upon its depositors or creditors. *State v. Cadwell,* 79 Iowa, 432; *State v. Easton,* 113 Iowa, 516. Certainly it was not the legislative purpose to make it a penitentiary offense, on the part of one holding a certificate of deposit in a bank, to take a renewal thereof with knowledge that in a technical sense only the bank was insolvent. The demurrer to appellant's answer was properly sustained.

The same considerations are applicable to appellant's counterclaim. His contention is that it was unlawful for the defendant bank to give security to the intervener for the indebtedness represented by the renewal certificate, but it is not claimed that such a transaction was invalid as a matter of law, unless the prohibition with reference to insolvency is to be applied to the creditor as well as to the insolvent bank. It is pleaded in the counterclaim that the intervener accepted the securities with knowledge that the defendant bank was insolvent and in dire financial trouble, and that the certificate of deposit in connection with which the collateral security was delivered to the intervener was issued by the cashier of the defendant bank because of the fraudulent statements and misrepresentations of the officers and agents of intervener. This last allegation is the only one in the counterclaim which is relied on as showing fraud or wrong on the part of the intervener in accepting the securities. It is clear that this allegation does not amount to a charge of fraud such as to

2. FRAUD: pleading.

invalidate the transaction so far as the intervener is concerned. Fraud cannot be pleaded in general terms, but the facts relied upon must be stated, and a pleading containing nothing more than the mere allegation that the transaction is fraudulent, when fraud is a fact relied upon by the pleader, is subject to demurrer. *Hoon v. Hoon,* 126 Iowa, 393; *Hale v. Walker,* 31 Iowa, 355; *Mills v. Collins,* 67 Iowa, 167.

The judgment is *affirmed.*