CENTRAL LUMBER & COAL COMPANY, Appellee, v. A. T. GLASS et al., Appellants.

MECHANICS' LIENS:  Description of Property—Sufficiency. An indefinite description of the land upon which a mechanics' lien is claimed, is sufficient between the original parties to the claim if it contains data sufficient to enable an inquirer to determine the very acreage intended.

MECHANICS' LIENS:  Foreclosure—Indefinite Description of Property—Motion (?) or Demurrer (?) An indefinite allegation in a petition for the foreclosure of a mechanics' lien, as to the property upon which a lien is sought, should be reached by a motion for a more specific statement, and not by a general equitable demurrer.

Headnote 1: 27 Cyc. p. 157. Headnote 2: 27 Cyc. p. 397; 31 Cyc. pp. 280, 644.

*Appeal from Jones District Court.*—ATHERTON B. CLARK, Judge.

### APRIL 8, 1925.

PROCEEDINGS in foreclosure of a mechanics' lien. There was a demurrer to the petition, which was overruled. The defendant stood upon his demurrer, and suffered judgment, from which he appeals.—*Affirmed.*

*E. E. Reed* and *Doxsee & Doxsee,* for appellants.

*J. J. Locher* and *Brown, Lacy & Clewell,* for appellee.

EVANS, J.—The plaintiff, as a subcontractor, filed a claim for mechanics' lien against the defendant and his property in due time. The foreclosure proceeding was also brought within due time. The point of attack to which the demurrer was directed is that the petition did not set forth a correct description of the property to be charged with the lien, and that the same defect was chargeable to the claim for mechanics' lien which had been previously filed, and which was attached to the petition as an exhibit.

The claim for mechanics' lien described the property to be charged as follows:

"Two-story frame house 28x32 and upon all the right, title, estate and interest of the said A. T. Glass upon and to the following described real estate upon which the said buildings, erections, and improvements are situated, to wit: Southwest quarter of Section Nineteen (19), Castle Grove Twp. Eighty-six (86), Range Four (4), 30 acres."

The foreclosure petition describes such property as follows:

"* * * certain buildings situated on the following described real estate to wit: Thirty acres, in southwest quarter of Section nineteen (19), Township eighty-six (86) north, Range four west of the fifth P. M., Castle Grove Township, Jones County, Iowa.

"Par. 3. That said defendant, A. T. Glass, at the time of said contract and when made, was and ever since has been the owner in fee simple of said premises and the buildings situated thereon."

The ground of the demurrer was: "That said petition does not state facts entitling the plaintiff to any relief in equity." It will be noted that the foregoing did not direct the attention of the court to any particular or formal defect in the petition. The argument presented here by the appellant in support of the demurrer is more specific, and may be summarized as follows:

That the description of the property contained in the filed claim for mechanics' lien is insufficient as a compliance with the statute; that the statute requires a correct description of the property to be set forth in such claim; that, nevertheless, such defect was not fatal to the plaintiff, because he brought his foreclosure suit within the statutory period for filing claim for mechanics' lien; that he could, therefore, cure the defect in the claim filed, by a correct description in his foreclosure petition; that, since he failed to incorporate a correct description in his petition, and the statutory time for filing a mechanics' lien has elapsed while the action was pending, the defect has now become irremediable by amendment or otherwise; and that, therefore, the defendant is entitled, not only to a reversal in this court, but also to a final decree dismissing plaintiff's petition.

This suit was begun October 2, 1922. Issue was made by answer, and the case so stood until September 24, 1923, when the defendant withdrew his answer, and filed the demurrer. Up to this point, the procedure below appears to have partaken somewhat of the nature of a fencing bout, wherein the weapon of attack was concealed, rather than revealed. The petition was no less vulnerable to the demurrer when the answer was filed than it was on September 24, 1923. These facts are stated here, not by way of criticism of counsel (for they acted within their rights), but for their bearing on our later discussion.

That the description contained in the claim for mechanics' lien was, in its terms, indefinite, is to be conceded. It purported to describe 30 acres only. A description of a quarter section is not a description of any particular 30-acre tract contained therein. Nevertheless, such claim did state, in substance, that the particular 30 acres upon which lien was claimed was the land owned by A. T. Glass. It was made to appear by evidence at the trial that A. T. Glass did own the northwest fractional quarter of such quarter sec-

1. MECHANICS' LIENS: description of property: sufficiency.

tion, and that it contained just 30 acres. · The information contained in the claim of mechanics' lien, therefore, furnished sufficient data to enable an inquirer to determine the very acreage intended. We are of the opinion, therefore, that the description was sufficient, as between the original parties. Whether it was sufficient to impart constructive notice to third parties is a different question, and we express no opinion thereon.

The defect of description contained in the claim filed, reappeared in the petition, except that Paragraph 3 of the petition did distinctly aver that A. T. Glass was the owner of the particular 30 acres which it sought to charge. We

2. MECHANICS' LIENS: foreclosure: indefinite description of property: motion (?) or demurrer (?)

think it must be said that good pleading required an averment in the petition, setting forth in terms the correct description of the property to be charged. We think the petition was subject to a motion for more specific statement on that ground. No such motion was made. The purpose of such a motion is to direct the attention of the court to the specific defects or omissions complained of. We do not think such function is served by general equitable demurrer. · To file a general equitable demurrer, when only a more specific statement is required, is to use a masked battery upon the trial court. This demurrer could have been submitted to the trial court without argument, and the court could thereby be left wholly in the dark as to its real objective. The petition did contain the data, as did the claim for mechanics' lien, from which the identical acreage sought to be charged could be ascertained. Before taking decree, the plaintiff put in evidence the proof of the particular description of land owned by A. T. Glass in such quarter section. The proof thus furnished was pursuant to the data contained in the petition itself. If the defendant had been taken by surprise by such evidence at the trial because of a want of averment, it might have entitled him to time, or to a continuance at the expense of the plaintiff. On the other hand, the want of averment was manifest to him, and had actually been observed by him; and he could have demanded a more specific statement by moving for it. The challenge of the demurrer, however, is that, for want of this averment in the petition, the plaintiff was entitled to no relief whatever. This challenge cannot be sustained.

The decree entered by the court, pursuant to proof, specifically describes the particular 30-acre tract owned by the defendant A. T. Glass. The decree is, accordingly, affirmed.— *Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.