SOUTHERN SURETY COMPANY, Appellee, v. B. I. SALINGER et al., Appellants.

No. 40289.

October 27, 1931.

B. I. Salinger and William E. Miller, for appellants.

Parrish, Cohen, Guthrie, Watters & Halloran, for appellee.

 Morling, J.—Ordinarily an appeal does not lie directly from a mere order made in the settlement of issues such as one made on motion to strike or motion for more specific statement. See Barnes v. Century Sav. Bank, 147 Iowa 267, 149 Iowa 367; Weeksman v. Powell, 178 Iowa 991; Northwestern Trading Co. v. Western Livestock Ins. Co., 180 Iowa 878; Depping v. Hansmeier, 202 Iowa 314; In re Estate of DeLaney, 207 Iowa 451; Hawthorne v. Andrew, 208 Iowa 1364; First Title & Securities Co. v. United States, 211 Iowa 1019; Joslin v. Continental & Commercial Nat. Bank of Chicago, 213 Iowa 107.

Plaintiffs do not contend that the order here presented is not appealable. Therefore, we do not pause to consider whether this case comes within an exception to the general rule but make the foregoing comment to avoid a possible inference that we treat such orders as ordinarily appealable.

The petition, after the formal allegations, alleges that on or about October 31, 1922, defendants executed to plaintiff a contract of indemnity whereby defendants agreed to pay any loss or damage sustained by plaintiff growing out of the execu-

190

tion of "certain bonds" on behalf of Benjamin I. Salinger, Jr., copy of which contract is set out and reads:

"The Southern Surety Company has executed a bond in $1,000, in New York City for Benjamin I. Salinger, Jr., in a case against him and others prosecuted by the United States. It may become necessary for said company to give other bonds in a case or cases prosecuted by the United States against said Salinger, or him and others. And it may become necessary for said company to give bonds for said Salinger in habeas corpus proceedings, and in appeal or writs of error in habeas corpus proceedings. The undersigned hereby covenant and agree with said Southern Surety Company that as to each and all of said bonds, executed and to be executed by said company, the undersigned will hold said company harmless and will indemnify it for any loss or damage it may suffer by the executing of said foregoing bonds, or any of them."

The petition alleges that on or about the 20th day of March, 1923, plaintiff executed for Benjamin I. Salinger, Jr., appearance bond conditioned for his appearance for trial in the District Court of the United States for the District of South Dakota, copy of which bond is set out; that plaintiff was sued upon claimed forfeiture of the bond and thereby required to pay sums and damages specified for the amount of which plaintiff demands judgment. The bond is for $15,000 for the use of the United States conditioned for the appearance of B. I. Salinger, Jr., in the District Court of the United States for the District of South Dakota at time named, upon an indictment. An amendment alleges that the bond was made upon the oral direction of defendants. Defendants' motion for more specific statement is, in substance, that plaintiff be directed to set out, 1. "a copy of the nature of the bond in $1,000 * * *," 2. what other bonds have ever been executed by plaintiff in New York City in cases prosecuted by the United States against Benjamin I. Salinger, Jr. 3. "Whom it (plaintiff) authorized to execute" the $1,000 bond and how. 4. "The same motion is made with reference to the 'other bonds in a case or cases prosecuted by the United States against B. I. Salinger, Jr.' " 5. "Whether the bond in suit was given in a habeas corpus proceedings and in appeals and writs of error in such proceedings." 6. "What

authorization was given by defendant for executing" the bond sued upon. 7. "What notice was ever given defendant of the pendency of the suit referred to in the petition and * * * to appear * * * and defend the same."

The affidavit of defendant B. I. Salinger was attached stating that he requested plaintiff's general attorney "to enable affiant to make investigation as to the liability asserted against him that said general counsel should favor him with copy of $1,000 bond" to which the general counsel responded that he was unable to locate it and could not see how it would be material. "Affiant says that adequate defense cannot be made without information as to what said $1,000 was, nor without information as to what bonds meant by in the phrase in said indemnity agreement to wit: 'It may become necessary for said company to give other bonds in case or cases prosecuted by the United States against B. I. Salinger, Jr., or him and others.' " Appellants' argument is that plaintiff "should have informed appellant of the nature of the $1,000 bond so that the court might be able to determine whether the indemnity agreement covered the bond in suit"; that the "recital of the $1,000 bond so lacked being exhaustive as that the $15,000 bond should not be deemed covered by the guarantee to avoid making the word 'other' purposeless"; that the meaning of the contract of indemnity should be ascertained from the doctrine of ejusdem generis and from practical construction. They argue, "A compliance with the motion would be some evidence of the intention. If, for example, the response would disclose that the thousand dollar bond was given while Salinger was in New York City and was a cost bond, that several bonds were executed prior to the execution of the $15,000 bond in suit, and none of these bonds were appearance bonds, and that said one thousand dollar bond and said bonds given before the $15,000 one was given, it would, to say the least, be evidence that the indemnity agreement was not intended to cover said $15,000 bond which assures appearance for trial, in South Dakota." The petition may be defective in not directly alleging that the $15,000 was given in pursuance of the indemnity agreement, but this point is not made. The petition is squarely based on the indemnity agreement, which is set out in full and is for breach of that agreement. For the purpose of the motion it must be assumed that

the agreement sued upon was executed by defendants. In substance defendants' claim is not (unless by indirection) to require the allegations of the petition to be made more specific. It is to require defendants' signed agreement to be made more specific. The agreement is the defendants' agreement. The motion for more specific statement seems to be a fishing expedition to obtain evidence upon which defendants may base claim to a construction of their indemnity agreement sued upon such as to exclude the appearance bond from its operation. It would be a novel use of the motion for more specific statement to make it a means of requiring plaintiff to set out evidence to enable defendant to frame a defense. By the statute the petition must contain the name of the court, the names of the parties, and "a statement of the facts constituting the plaintiff's cause of action." Code, 1931, Section 11111.

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may, on motion, require it to be made more definite and certain." Id., Section 11127.

So far as we are here concerned the petition specifically states the facts constituting plaintiff's cause of action. It is not so indefinite and uncertain that the precise nature of the charge is not apparent.

Although notice of the pendency of the action against the present plaintiff on the bond would be necessary to make the judgment in that action conclusive upon the defendants it was not a condition precedent to plaintiff's right to recover on the contract of indemnity. Sweet v. Atkinson, 191 Iowa, 645, 648; 31 C. J. 441, 458.

It may not be amiss to say that in the interest of the certain and speedy administration of justice and to avoid misapprehension and error in the progress of the case, and especially in submission to a jury, motion for more specific statement should not be looked on with disfavor. On the other hand the well settled rules of pleading should be observed. Without further elaboration it is sufficient to say that the motion here before us was properly overruled.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.