NEW YORK LIFE INSURANCE COMPANY, Appellee, v. AGNES H. CLEMENS et al., Appellants; L. N. CLEMENS et al., Appellees.

No. 45545.

April 8, 1941.

Holliday & Myers and Bradshaw, Fowler, Proctor & Fairgrave, for appellants.

O. P. Bennett, O. M. Slaymaker, R. E. Killmar and D. D. Slaymaker, for plaintiff-appellee.

Everette K. Jones and Herrick, Sloan & Langdon, for defendants-appellees.

MILLER, J.—Plaintiff's petition was filed April 6, 1940, and asserts that L. N. Clemens, for approximately six years last past, had been employed by plaintiff as a field man in Iowa; he rented farms, collected rents, obtained plaintiff's share in crops, sold said crops, made repairs and improvements on plaintiff's farms, collected interest on loans, sold farms and collected the purchase price; he collected and appropriated money belonging to plaintiff in excess of $15,000; in time a full, accurate and complete list of these things will be set out as an amendment to the petition; defendant Agnes H. Clemens is the wife of L. N. Clemens and defendant Albert Thissen is her father; L. N. Clemens used money belonging to plaintiff to purchase a 240-acre farm in Clarke county, Iowa, took title in the name of Albert Thissen to cover up and Thissen paid little or no consideration therefor; L. N. Clemens used money of plaintiff to improve said farm; Dwight and Alta Dorsey are tenants on the farm; there are 60 head of cattle, 250 hogs and a large number of turkeys on the

farm; the Dorseys owe Clemens $2,900 on said property, all of which was purchased with plaintiff's money, without its consent and with notice to the Dorseys; Clemens purchased certain real estate in Wayne county, Iowa, took title in the name of R. C. Mitcheltree and paid therefor wholly or largely with plaintiff's money, with notice to Mitcheltree; Clemens also purchased a residence property in Des Moines, Iowa, with plaintiff's money, took title in the name of his wife, she paid no consideration and had notice and knowledge that it was plaintiff's money; any interest of defendants in said real and personal property is inferior to plaintiff's rights; defendants hold title to such property in trust for plaintiff; L. N. Clemens has absconded, cannot be served with notice, is a fugitive from justice; plaintiff has no adequate remedy at law. The prayer was that defendants be decreed to hold said property in trust for plaintiff, that a temporary receiver be appointed, that defendants be required to account to plaintiff and plaintiff have judgment for the amount found to be due it.

The court entered an order enjoining defendants from disposing of any of said property. encumbering or concealing it, and set the hearing on the application for appointment of receiver for April 20, 1940.

On April 18, 1940, defendants Agnes H. Clemens and Albert Thissen filed a resistance to the appointment of a receiver, asserting that the residence property in Des Moines is the sole property of Agnes Clemens, was purchased in 1935 with a down-payment of $750; in 1936 a mortgage held by B. F. Kauffman was paid off with funds received from Thissen; the property is a homestead occupied by Mrs. Clemens, her son and her father, Thissen; the farm in Clarke county was purchased by Thissen from the plaintiff herein in January 1938, for $500 down-payment and balance of $5,000, all paid by Thissen; the livestock on the farm was purchased with money belonging to Agnes Clemens; L. N. Clemens has no interest or title in said real estate or livestock. The prayer was that the application for appointment of a receiver be denied. Apparently this matter has not been determined.

On May 15, 1940, defendants Agnes H. Clemens and Al-

bert Thissen filed a motion for more specific statement asking that plaintiff be required to set out the date of the commencement of the employment of L. N. Clemens by plaintiff and a full, complete, itemized statement of the following matters: The money and crops appropriated by L. N. Clemens and the time, place, source and amount of each; money of plaintiff used to purchase the farm in Clarke county and the time, place, source and amount of each appropriation; the money and the time, place, source and amount of each appropriation for improvement of said farm, the kind, type, value and source of material used; the owner of said farm from whom it was purchased and the amount of plaintiff's money used on the purchase price; the money and property, time, place, source and amount of each appropriation used to purchase livestock and other property on said farm; the money and property, time, place, source and amount of each appropriation used to purchase the residence property in Des Moines, the date title was taken to the farm by Thissen; the date title was taken to the residence property by Mrs. Clemens.

On September 18, 1940, plaintiff filed an amendment to petition which made the Farmers Trust & Savings Bank of Spencer, Iowa, a party defendant and charged it with all things charged against the other defendants, particularly as to the farm in Wayne county; asserted that, in all that L. N. Clemens did in the premises, his wife, Thissen and Mitcheltree jointly, severally and knowingly aided and assisted him to cheat, wrong and defraud plaintiff, acting in concert pursuant to a conspiracy; Clemens sold land owned by plaintiff for cash and other property but falsely represented that the cash was the only consideration received and defendants appropriated the real estate conveyed; Clemens falsely represented that Mitcheltree was entitled to commissions on sales made by Clemens and secured payment of such commissions; the conspiracy occurred before said real estate was acquired by defendants; the property was acquired by reason of the conspiracy; the figure $15,000 in the original petition was changed to $40,000; the representation that later an amendment would be filed was eliminated and the shortage was itemized as follows:

"Sales money due this plaintiff................................$ 5,750.00
Mortgage interest collected and due plaintiff.......... 500.00
Interest due this plaintiff on contracts..................... 1,900.00
Rent shortages due plaintiff on Nebraska farms.... 2,693.21
Rent shortages due plaintiff on Iowa farms............ 14,988.42
Rent shortages due plaintiff on Iowa farms............ 1,080.31
Rent shortages due plaintiff on Iowa farms............ 2,022.37
Rent shortages due plaintiff on Iowa farms............ 8,467.98

$37,402.29"

The prayer was as follows:

"Wherefore, plaintiff prays for all the relief heretofore prayed for as against all of the defendants, and also prays for the same relief as against the defendant Bank, and also prays for judgment against the defendants for Forty Thousand ($40,000.00) Dollars, and for the costs of this suit and such other, further and additional relief as may be just and equitable in the premises."

On October 2, 1940, defendants Agnes Clemens and Albert Thissen filed an amendment to their motion for more specific statement asking that plaintiff state the following matters: An itemized statement of the cattle, hogs, turkeys and other property on the Clarke county farm; whether or not there was a written agreement between Clemens and the Dorseys for the operating of said farm and if so, set out a copy of the writing; whether there was written evidence of the indebtedness of the Dorseys to Clemens amounting to $2,900 and if so, set out a copy of the writing; the ultimate facts as to how Agnes Clemens and Albert Thissen aided and assisted L. N. Clemens in the alleged conspiracy and whether Agnes Clemens and Thissen acted jointly or severally with L. N. Clemens; what Agnes Clemens and Thissen knew that L. N. Clemens was doing in connection with the conspiracy; the ultimate facts as to what property Agnes Clemens and Thissen took and held to help L. N. Clemens defraud plaintiff and what the fraud consisted of; with whom Agnes Clemens and Albert Thissen acted in concert and what concerted action they took; what illegal conspiracy Agnes Clemens and Thissen entered into,

with whom they conspired and the nature of said conspiracy; an itemized statement of the claimed shortages amounting to $37,402.29 hereinbefore set out, showing an identification and description by names of parties dealt with, their residence, the farms involved, dates of collection and time and place of said claimed appropriation.

As grounds for the motion for more specific statement as amended, the defendants Agnes Clemens and Albert Thissen stated that they have absolutely no knowledge of what is charged against them in the general allegations made by plaintiff, are unable to prepare for a defense, are given no warning as to what they may be called upon to meet in the trial of the case, the petition is a blind pleading, evasive and deceptive, would admit of surprise evidence and tenders no issue of ultimate facts; if plaintiff has an actionable wrong against these defendants, it is in a position to state the ultimate facts requested in said motion, the allegations of the petition and amendment are of shotgun variety, calculated to conceal and do conceal plaintiff's purpose and the charges against these defendants, would open up a range of testimony uncomprised as to dates, without apprising defendants of what they are called upon to meet, when the same occurred, who might be available as witnesses, it is impossible for the defendants to know what issue or issues are involved, what evidence to secure, what preparations to make for their defense; the plaintiff evidently has records upon which it relies and from which it makes for its claims and withholds the ultimate facts which would enable the defendants to consult the parties involved, if necessary, and to secure their testimony and without opportunity of defendants securing evidence thereon.

On December 19, 1940, the court overruled the motion for more specific statement. In so doing, the court stated that, had the motion been filed on behalf of all the defendants including L. N. Clemens, certain portions of it would have been sustained; that before plaintiff can recover, it must establish the amount of shortage and the amount of moneys embezzled by Clemens and that the proceeds of such embezzlements were used to purchase the property standing in the name of Agnes Clemens and Thissen, but, as the record stands, it shows that

they already know the facts about the acquisition of said properties, they know what they paid for them and there is nothing in that connection which would require the court to require an amendment to the petition; that the petition is specific in detail as to the claim of conspiracy, the manner in which title to the properties was taken; as against the defendant L. N. Clemens it is no concern of these defendants how much money plaintiff lost by reason of his speculation and embezzlement, and the motion does not apply to him; the nature and character and amount of funds he embezzled are immaterial, but plaintiff at the trial will have to establish that the funds were used to purchase the properties before it can recover against these defendants. The motion for more specific statement and amendment thereto were overruled in their entirety. Defendants Agnes Clemens and Albert Thissen appeal from such ruling.

In seeking a reversal at our hands, appellants rely upon section 11127 of the Code, 1939, and our decisions in Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 241 N. W. 436; Poole v. Poole, 221 Iowa 1073, 265 N. W. 653; City of Osceola v. Gjellefald Const. Co., 220 Iowa 685, 263 N. W. 1. We are of the opinion that there is merit in the appeal.

Section 11127 of the Code, 1939, provides as follows:

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may, on motion, require it to be made more definite and certain."

In the case of Dorman v. Credit Ref. & Rep. Co., supra, we reversed the case because the trial court overruled a motion for more specific statement. In so doing, we state (213 Iowa at page 1024, 241 N. W. at page 440) as follows:

"Generally, in passing upon motions of this character, particularly motions for more specific statement, doubts are resolved in favor of the movant. This for the reason that prejudice is very unlikely to result by requiring pleadings to be made more definite. * * * In all cases, the test adopted in this state should be applied strictly, and if the pleading is so uncertain and indefinite that the precise nature of the charge

or defense is not apparent, it should be made specific on motion therefor. The ruling on a motion for more specific statement in such case may involve the merits, or materially affect the final decision. In such case, a direct appeal may be taken from the ruling to the supreme court. J. F. Sieberling Co. v. Dujardin, 38 Iowa 403; Central Lbr. & Coal Co. v. Glass, 199 Iowa 1113.''

And again (page 1026 of 213 Iowa, page 441 of 241 N. W.) we state:

''It is a matter of common knowledge to bench and bar that many pleaders seek to confuse their antagonists by a system of 'blind' pleading, which, without giving any definite information, yet contains a general allegation which appears sufficient. Unless the trial court sustains a motion for more specific statement to such a pleading, the defense must prepare to meet everything which could possibly be considered under the general allegation. This results in wholly unnecessary expense and delay.''

In the case of Poole v. Poole, supra, we also reversed the case for failure to sustain a motion for more specific statement. The paragraph last above quoted from the Dorman case is quoted with approval at page 1083 of 221 Iowa, page 658 of 265 N. W. This quotation is preceded by the following statement:

''It is the settled rule of law in this state that where a denial of a motion may involve the merits or materially affect the final decision of a case, the order of the court denying the motion is appealable. Northwestern Trading Co. v. W. L. S. Ins. Co., 180 Iowa 878, 163 N. W. 350; Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 241 N. W. 436.

''It is also the general rule in pleading fraud that the specific facts relied upon should be alleged. 49 Corpus Juris, 95; Ockendon v. Barnes, 43 Iowa 615; Mills v. Collins, 67 Iowa 164, 25 N. W. 109; Kerr v. Steman, 72 Iowa 241, 33 N. W. 654; Toovey v. Ayrhart, 136 Iowa 694, 114 N. W. 181; Lynch v. Kerslake, 186 Iowa 983, 173 N. W. 147; McKeehan v. City of Des Moines, 213 Iowa 1351, 242 N. W. 42.

"In Kerr v. Steman, 72 Iowa 241, loc. cit. 242, 33 N. W. 654, 655, this court said:

" 'The doctrine is elementary that whoever sets up a fraud must do more than allege fraud in general and abstract terms. He must set out the specific facts in which the fraud consists.' ''

In the case of City of Osceola v. Gjellefald Const. Co., supra, we also reversed the case for failure to sustain a motion for more specific statement. In so doing, we state (page 691 of 220 Iowa, page 4 of 263 N. W.) as follows:

"It is true, of course, that the petition was not required to plead evidence. On the other hand, it was not sufficient to state mere conclusions such as were contained in this petition. Without requiring a detailed statement of each and every particular in which it claimed the contract was not complied with, the lower court should have obliged the plaintiff to make a sufficient statement of facts to support the conclusions stated in the petition, and from which the defendant would have had the information necessary to guide it in investigating the alleged defects of material or workmanship upon which plaintiff's cause of action was based."

And in conclusion we state (page 692 of 220 Iowa, page 5 of 263 N. W.) as follows:

"In our opinion, the appellant's motion should have been sustained, to the extent of requiring the appellee to state wherein the material furnished or the workmanship employed failed to comply with the contract or specifications, and to set out or refer to the portion or part of the specifications which it claimed was violated; to state what part or parts of the work were not done in good and workmanlike manner, in what particular or particulars such work was not good and workmanlike, and what, if any, specifications were thus violated; to state what specifications in regard to the thickness and richness of the cement were violated; to state the fact or facts because of which it is claimed defendant is responsible for the dam and spillway settling and dropping away from the facing thereon, and at what point or points the dam and spillway

dropped or settled; to state at what places in the cement the leaks occurred; to state where the cement broke and settled and had to be repaired; and to state when the dam and spillway settled and dropped and when the cement broke and settled.''

Applying the foregoing statute and decisions of this court to the record herein, we are of the opinion and hold that the court committed error in overruling the motion for more specific statement and amendment thereto in their entirety. Certain portions of said motions should have been sustained.

The reasons stated by the court as the basis for its decision demonstrate that the court misunderstood the propositions which appellee undertakes to assert against appellants. The court apparently overlooked the import of the amendment to petition and the prayer of that amendment. In the original petition, the relief prayed for against appellants was the establishment of a constructive trust in property, legal title to which is held by appellants, and for an accounting from appellants for moneys of plaintiff used to acquire such property. The amendment to the petition, however, states an entirely different theory. It is there asserted that all of Clemens' embezzlements and misappropriations of plaintiff's funds were pursuant to a conspiracy with all the defendants and the prayer of the amendment to the petition asks for a joint judgment against all the defendants for $40,000. The court's statement that it is no concern of appellants how much money plaintiff lost by reason of Clemens' embezzlements is an obvious misinterpretation of the record. Appellants, under the pleadings as they now stand, are vitally interested in all such claims and are entitled to be advised in reference to them so that they may prepare for trial on such issues. The court's statement that, had Clemens filed the motion, certain portions of it would have been sustained, demonstrates that the motion should have been sustained in part at least.

The court's statement that appellants already know the facts about the acquisition of the properties was apparently based upon examination of the resistance to the application for appointment of a receiver. Appellee attempts to so persuade us and asserts that the petition taken by the court is supported by our

decisions in Northwestern Trading Co. v. Western Livestock Ins. Co., 181 Iowa 853, 165 N. W. 115, and Southern Surety Co. v. Salinger, 213 Iowa 188, 238 N. W. 715. Such decisions do not support the court's theory. In those cases, the movant had been advised by its adversary of the claims concerning which it asked for a more specific statement. That is not the case here. The only source of information which appellants have concerning the claims made by appellee are the petition and amendment to petition. They do not adequately advise appellants in reference to the claims appellee asserts against them. If the court's theory were to be sustained, few motions for more specific statement would be good. The movant always knows the facts from his own standpoint. The motion is filed in anticipation that there will be a conflict in the evidence and he asks to be adequately advised of the claims made against him so that he may be adequately prepared to submit his evidence. The purported itemized statement of the embezzlements by Clemens above set out, totaling $37,402.29, does not adequately advise appellants of the facts upon which such claims may be based so that appellants may prepare to meet the claim of appellee that they are liable to it for said sum of $37,402.29. The paragraphs of the amendment to the motion for more specific statement which sought to have these items rendered more specific as well as the paragraphs of the original motion in regard to these items should have been sustained. The court erred in overruling them.

On the issue of imposing a constructive trust in favor of appellee in property owned by appellants, since appellants hold the legal title thereto, appellee must establish its interest in such property by clear, satisfactory and convincing evidence. In the case of Wagner v. Wagner, 208 Iowa 1004, 1009, 224 N. W. 583, 585, we state:

"A mere preponderance of the evidence is not sufficient to overcome the presumption arising from the possession of the legal title to the real property. The evidence for that purpose must be clear, convincing, and satisfactory. Kelley v. Kelley, 189 Iowa 311; Ratigan v. Ratigan, 181 Iowa 860; Hayes v. Dean, 182 Iowa 619."

290

�ं .Appellee should be required to state with sufficient certainty to afford appellants an opportunity to prepare for defense the facts from which appellee claims that a constructive trust should be established in said property. The paragraphs of the motion for more specific statement which sought such relief should have been sustained.

The allegations of a conspiracy, pursuant to which appellants are to be held liable for all of the embezzlements of Clemens, are not sufficiently definite and the paragraphs of the amendment to the motion for more specific statement which sought relief in regard thereto should have been sustained.

The other requests for information asserted by the motion for more specific statement and amendment thereto appear to be in the nature of requests for evidence rather than ultimate facts. We are not disposed to disturb the ruling of the court thereon.

By reason of the foregoing, the cause is reversed and remanded with instructions that the court below enter an order sustaining paragraphs 2, 3, 4, 6 and 7 of the original motion for more specific statement herein and also sustaining paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12 and 13 of the amendment to the motion for more specific statement.—Reversed in part; affirmed in part.

HALE, C. J., and SAGER, STIGER, BLISS, WENNERSTRUM, and GARFIELD, JJ., concur.