**POSTAL FINANCE COMPANY, Appellant,**

**v.**

**William A. LANGTON, Appellee.**

**No. 53343.**

Supreme Court of Iowa.

April 8, 1969.

———◆———

Eldon L. Colton, Cedar Rapids, for appellant.

William J. Matias, Cedar Rapids, for appellee.

STUART, Justice.

Plaintiff loan company brought this action to recover the amount due on defendant's note. The trial court sustained defendant's motion to dismiss and plaintiff appealed from that ruling. The case was submitted without oral argument on a min-

imal appellant's brief and argument. Appellee filed none.

Plaintiff pleaded defendant's execution of the note, and the balance due. It also pleaded defendant's discharge in bankruptcy but alleged it was not effective as to this obligation because of fraudulent misrepresentations maliciously made. The only pleading of fraud is as follows:

"4. That to induce the plaintiff to loan the defendant the amount the defendant borrowed in the above referred to transaction the defendant filed with the plaintiff a fraudulent financial statement, a copy of which is hereto attached and marked Exhibit 'C'."

The trial court sustained defendant's motion to dismiss on the ground:

"3. That the plaintiff relies upon Exhibit 'C' therein and makes no further allegations except that said Exhibit 'C' is a fraudulent financial statement. That said allegations are not set out in Exhibit 'C' nor is there any explanation as to where the fraud statement or statements were made in said Exhibit 'C'."

Plaintiff argues the proper method of attacking such pleading was by a motion to make more specific rather than a motion to dismiss. There is no merit in this argument.

■ A motion to dismiss admits the truth of all well pleaded, relevant and issuable facts, but conclusions which are not supported by pleaded ultimate facts are not admitted. In re Lone Tree Com. School Dist. of Johnson & Louisa, Iowa, 159 N.W.2d 522, 525; Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1230, 130 N.W.2d 725, 726.

■ If a pleading is so deficient in the statement of ultimate facts it fails to state a cause of action, it is subject to dismissal. Plaintiff could have pleaded further after the ruling on the motion to dismiss. It failed to do so and is deemed to have elected to stand on the record. The dismissal became a final adjudication. Wright v. Copeland, 241 Iowa 447, 449, 41 N.W.2d 102, 103.

■ We hold the trial court did not err in sustaining defendant's motion to dismiss. The allegation that defendant filed "a fraudulent financial statement" is not sufficient pleading of ultimate fact.

The petition in Ockendon v. Barnes, 43 Iowa 615, 616, alleged "fraud in the appointment of the guardian". Plaintiff appealed from the trial court's ruling sustaining a demurrer. We said:

"As to the allegation of fraud, the demurrer, if for no other reason, was correctly sustained on the ground that it simply charges fraud without alleging or showing facts upon which the charge is based. A mere charge of fraud in a pleading is not sufficient, as it is a legal conclusion, but the facts upon which the fraud is based must be averred."

In Hoon v. Hoon, 126 Iowa 391, 393, 102 N.W. 105, we said: "The statement that the deed was 'fraudulently executed, and in fraud of the said Silas Hoon,' and that the 'deed is a fraud, and was procured fraudulently,' contains no allegation of issuable fact. It is not sufficient to plead fraud in general terms, and, if the pleading does not state the specific acts or facts relied upon as constituting fraud, a demurrer thereto will be sustained."

■ The motion to dismiss now serves the function of the early demurrer. Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823.

We have consistently followed these early cases. New York Life Ins. Co. v. Clemens, 230 Iowa 279, 287, 297 N.W. 253, 257; Poole v. Poole, 221 Iowa 1073, 1082–1083, 265 N.W. 653, 658; In re Estate of Kessler, 213 Iowa 633, 638, 239 N.W. 555, 557; Cowell v. City Water Supply Co., 130 Iowa 671, 675, 105 N.W. 1016, 1017; Kerr

v. Steman, 72 Iowa 241, 242, 33 N.W. 654, 655.

The words from Plagmann v. City of Davenport, 181 Iowa 1212, 1215, 165 N.W. 393, 394, seem applicable here: "Indeed, there is not an allegation in the entire petition which in any proper or legal sense amounts to a charge of fraud. To call a thing a 'fraud', without a statement of facts constituting fraud, is not an issuable allegation. Fraud, as used in this connection, has reference to conduct, words or representations which partake in some material degree of artifice or deception employed to deceive, cheat or circumvent another; it is some form of deception consciously employed for the purpose of misleading another. Nothing of that kind is here pleaded or shown."

The ruling of the trial court is affirmed.

Affirmed.

All Justices concur.